DANIEL LOUIS GROSSMAN, ESQ.
11 COMMERCE DRIVE
CRANFORD, NEW JERSEY 07016
(908) 272-4114
Danielgrossman@cranfordlegal.com
Attorney for defendants
Chaim Rubin and The Rubin Group, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

-------------------------------------------------------------X
AMERICAN GENERAL LIFE INSURANCE         03:08-cv-03489 (MLC) (LHG)
COMPANY,

        Plaintiff,

  -against-

GOLDKLANG SAVINGS IRREVOCABLE
TRUST, JEFFREY LEVITIN, individually
And as Trustee, CHAIM RUBIN,
THE RUBIN GROUP, INC. and
JOHN DOES 1 through 10,

        Defendants.
-------------------------------------------------------------X
AMERICAN GENERAL LIFE INSURANCE         03:08-cv-05364 (MLC) (LHG)
COMPANY,

        Plaintiff,

  -against-                                              Answer to second amended
ELLMAN SAVINGS IRREVOCABLE TRUST,       complaint and Jury demand
JEFFREY LEVITIN, ISRAEL KUGIELSKY,
CHAIM RUBIN and JOHN DOES 1-10,

        Defendants.
-------------------------------------------------------------X

Defendants Chaim Rubin and the Rubin Group, Inc., by way of Answer to the Second Amended Complaint in *American General Life, etc. v. Goldklang, etc., et al.,* say:

## INTRODUCTION

1 to 2 and 8.  Defendants make no response to paragraphs 1, 2 and 8 of the Complaint in that they are characterizations of the pleading, and defendants incorporate by reference such responses to the allegations as are contained hereinafter.

3 to 7.  Defendants deny the allegations of paragraphs 3 to 7 of the second amended complaint except to admit that policies were issued and litigation is pending.

## PARTIES, PARTICIPANTS, JURISDICTION AND VENUE

9.  Defendants deny the allegations of paragraph 9 of the second amended complaint.

10 to 18.  Defendants deny the allegations of paragraphs 10 to 18 of the second amended complaint except to admit that the persons designated therein are believed to reside at the places alleged, that they believe the trustees were trustees at the times they are alleged to been trustees, that defendant Chaim Rubin was licensed at the time of the acts alleged and that the Rubin Group, Inc. is a corporation as alleged.

19 to 21.   Defendants is without knowledge or information as to the identities of the John Doe Defendants and leave plaintiff to its proofs.

**BACKGROUND (Stranger-Originated Life Insurance)**

22 to 26. Defendants deny the allegations of paragraphs 22 to 26 of the second amended complaint.

### The Goldklang Fraud

27 to 70. Defendants deny the allegations of paragraphs 27 to 70 of the second amended complaint except they are without knowledge or information to admit or deny the existence of the documents alleged to exist therein.

### The Ellman Fraud

71 to 109. Defendants deny the allegations of paragraphs 71 to 109 of the second amended complaint except they are without knowledge or information sufficient to permit them to admit or deny the existence of the documents alleged to exist therein.

### The Rosenthal Fraud

110 to 134. Defendants deny the allegations of paragraphs 110 to 134 of the second amended complaint except they are without knowledge or information sufficient to permit them to admit or deny the existence of the documents alleged to exist therein.

### The Kremer Fraud

135 to 162. Defendants deny the allegations of paragraphs 135 to 162 of the second amended complaint except they are without knowledge or information sufficient to permit them to admit or deny the existence of the documents alleged to exist therein.

### COUNT I

### Violation of 18 U.S.C. section 1962 (c)

163.  Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

164 to 170.  Defendants deny the allegations of paragraphs 164 to 170 of the second amended complaint except to admit that the persons alleged to exist are natural persons.

## COUNT II

### Violation of 18 U.S.C. section 1962 (d)

171.  Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

172 to 178.   Defendants deny the allegations of paragraphs 172 to 178 of the second amended complaint except to admit that the persons named therein are natural persons.

## COUNT III

### Material Misrepresentation

179.  Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

180 to191.   Defendants have insufficient knowledge or information to permit them to admit or deny the allegations of paragraphs 180 to 191 of the second amended complaint.

## COUNT IV

### Fraud

192. Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

193 to 197.   Defendants deny the allegations of paragraphs 193 to 197 of the second amended complaint.

### COUNT V

### Declaratory Relief

198. Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

199 to 201.   Defendants deny the allegations of paragraphs 199 to 201 of the second amended complaint.

### COUNT VI

### Violation of New Jersey Insurance Fraud Prevention Act

### (N.J. Stat. Ann. Section 17:33A-1 et seq.)

202. Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

203 to 207.   Defendants deny the allegations of paragraphs 203 to 207 of the second amended complaint.

### COUNT VII

### Breach of Fiduciary Duty

208.  Defendants incorporate by reference their responses to each of the allegations contained in the foregoing answering paragraphs as if set forth fully at length herein.

209 to 217.  Defendants deny the allegations of paragraphs 209 to 217 of the second amended complaint.

## SEPARATE DEFENSES

### FIRST SEPARATE DEFENSE

1.  The second amended complaint fails to state a claim on which relief cna be granted.

### SECOND SEPARATE DEFENSE

1.  The insurance policy subject to this suit was issued in New Jersey under New Jersey state law.

2.  The state interests in this matter are sufficient to warrant abstention by this Court.

### THIRD SEPARATE DEFENSE

1.  Any injury to plaintiff is the result of the actions of other persons over whom Defendants had no control.

### FOURTH SEPARATE DEFENSE

1.  Any injury to plaintiff is the result of its own actions.

### FIFTH SEPARATE DEFENSE


1.  The time within which plaintiff permissibly could have rescinded the subject policy has passed, and as to answering Defendants Rubin, plaintiff is guilty of laches.

## SIXTH  SEPARATE DEFENSE

1.  Plaintiff is guilty of unclean hands.

Wherefore, Defendants demands judgment against plaintiff

    A.   Dismissing the Complaint;

    B.   For  reasonable attorney's fees;

    C.   For costs of suit;

    D.   For such other relief as the Court deems just.

Dated: July 21, 2009                    /s/Daniel Louis Grossman
                                               Daniel Louis Grossman

## JURY DEMAND

Defendants demand trial by jury on all issues triable by jury.

Dated: July 21, 2009                    /s/Daniel Louis Grossman
                                               Daniel Louis Grossman

The undersigned certifies as follows pursuant to *L.R.Civ* 11.2:

1.  There are no matters in litigation or arbitration requiring disclosure under *L. R. Civ.* 11.2. except plaintiff has filed a case in this district involving the *Rosenthal* matter under docket no. 3:08-cv-03732 (JAP) (LHG), and there is a case pending in the United States District Court for the Eastern District of New York entitled *Jeffrey Levitin, Esq. as Trustee of the Ellman Savings IRR Trust v. American General Life Insurance Company*,

docket no. 09-cv-00110-SJ-MDG in which Chaim Rubin and the Rubin Group, Inc. are not parties.

    2.  I declare under penalty of perjury under the law of the United States that the foregoing statements made by me are true.

Dated: July 21, 2009                                                    /s/<u>Daniel Louis Grossman</u>
                                                                               Daniel Louis Grossman