SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
David BenHaim (DB9810)
4 Cornwall Drive, Suite 101
East Brunswick, NJ 08816
732-390-0166
*Attorneys for Defendants Jeffrey Levitin, Esq. Individually*
*and as Trustee of the Ellman Savings Irrevocable Trust*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

------------------------------------------------------------X

AMERICAN GENERAL LIFE INSURANCE
COMPANY,

              Plaintiff,

        -against-

ELLMAN SAVINGS IRREVOCABLE TRUST,
JEFFREY LEVITIN, ISRAEL KUGIELSKY,
CHAIM RUBIN and JOHN DOES 1-10,

              Defendants.

------------------------------------------------------------X

08-cv-05364 (MLC) (TJB)

**SECOND AMENDED ANSWER
TO FIRST AMENDED
COMPLAINT WITH
COUNTERCLAIM AND JURY
DEMAND**

Defendants herein, Ellman Savings Irrevocable Trust ("The Trust") and Jeffrey Levitin by their attorneys, Schindel, Farman, Lipsius, Gardner & Rabinovich LLP, as and for their Amended Answer to plaintiff's First Amended Complaint, state as follows:

1.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint.

2.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint.

3.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint.

4.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint.

5.     Deny the truth of the allegations contained in paragraph 5 of the complaint.

6.     Deny the truth of the allegations contained in paragraph 6 of the complaint.

7.     Deny the truth of the allegations contained in paragraph 7 of the complaint.

8.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint.

9.     Deny the truth of the allegations contained in paragraph 9 of the complaint.

10.    Deny the truth of the allegations contained in paragraph 10 of the complaint.

11.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint.

12.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint.

13.    Deny the truth of the allegations contained in paragraph 13 of the complaint.

14.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint.

15.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint.

16.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint.

17.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint.

18.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint.

19.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint.

20.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint.

21.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint.

22.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint.

23.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint.

24.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint.

26.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint.

27.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint.

28.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint.

29.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint.

31.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint.

32.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint.

33.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33 of the complaint.

34.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34 of the complaint.

35.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 35 of the complaint.

36.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of the complaint.

37.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 37 of the complaint.

38.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 38 of the complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the complaint.

40.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 40 of the complaint.

41.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 41 of the complaint.

42.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 42 of the complaint.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43 of the complaint.

44. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 44 of the complaint.

45. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the complaint.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the complaint.

47. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 47 of the complaint.

48. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 48 of the complaint.

49. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49 of the complaint.

50. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50 of the complaint.

51. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51 of the complaint.

52. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52 of the complaint.

53. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53 of the complaint.

54. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 54 of the complaint.

55.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55 of the complaint.

56.     Admit the truth of the allegations contained in paragraph 56 of the complaint.

57.     Admit the truth of the allegations contained in paragraph 57 of the complaint.

58.     Admit the truth of the allegations contained in paragraph 58 of the complaint.

59.     Deny the truth of the allegations contained in paragraph 59 of the complaint.

60.     Deny the truth of the allegations contained in paragraph 60 of the complaint.

61.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 61 of the complaint.

62.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 62 of the complaint.

63.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 63 of the complaint.

64.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 64 of the complaint.

65.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 65 of the complaint.

66.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 66 of the complaint.

67.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 67 of the complaint.

68.     Deny the truth of the allegations contained in paragraph 68 of the complaint.

69.     Deny the truth of the allegations contained in paragraph 69 of the complaint.

70.     Deny the truth of the allegations contained in paragraph 70 of the complaint.

71.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 71 of the complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the complaint.

74.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 74 of the complaint.

75.     Deny the truth of the allegations contained in paragraph 75 of the complaint.

76.     Deny the truth of the allegations contained in paragraph 76 of the complaint.

77.     Deny the truth of the allegations contained in paragraph 77 of the complaint.

78.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 78 of the complaint.

79.     Deny the truth of the allegations contained in paragraph 79 of the complaint.

80.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 80 of the complaint.

81.     Deny the truth of the allegations contained in paragraph 81 of the complaint.

82.     Deny the truth of the allegations contained in paragraph 82 of the complaint.

83.     Deny the truth of the allegations contained in paragraph 83 of the complaint.

84.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 84 of the complaint.

85.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 85 of the complaint.

86.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 86 of the complaint.

87.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 87 of the complaint.

88.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 88 of the complaint.

89.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 89 of the complaint.

90.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 90 of the complaint.

91.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 91 of the complaint.

92.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 92 of the complaint.

93.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 93 of the complaint.

94.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 94 of the complaint.

95.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 95 of the complaint.

96.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 96 of the complaint.

97.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 97 of the complaint.

98.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 98 of the complaint.

99.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 99 of the complaint.

100.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 100 of the complaint.

101.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 101 of the complaint.

102.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 102 of the complaint.

103.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 103 of the complaint.

104.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 104 of the complaint.

105.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 105 of the complaint.

106.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 106 of the complaint.

107.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 107 of the complaint.

108.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 108 of the complaint.

109.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 109 of the complaint.

110.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 110 of the complaint.

111.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 111 of the complaint.

112.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 112 of the complaint.

113.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 113 of the complaint.

114.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 114 of the complaint.

115.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 115 of the complaint.

116.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 116 of the complaint.

117.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 117 of the complaint.

118.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 118 of the complaint.

119.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 119 of the complaint.

120.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 120 of the complaint.

121.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 121 of the complaint.

122.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 122 of the complaint.

123.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 123 of the complaint.

124.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 124 of the complaint.

125.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 125 of the complaint.

126.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 126 of the complaint.

127.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 127 of the complaint.

128.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 128 of the complaint.

129.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 129 of the complaint.

130.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 130 of the complaint.

131.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 131 of the complaint.

132.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 132 of the complaint.

133.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 133 of the complaint.

134.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 134 of the complaint.

135.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 135 of the complaint.

136.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 136 of the complaint.

137.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 137 of the complaint.

138.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 138 of the complaint.

139.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 139 of the complaint.

140.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 140 of the complaint.

141.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 141 of the complaint.

142.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 142 of the complaint.

143.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 143 of the complaint.

144.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 144 of the complaint.

145.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 145 of the complaint.

146.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 146 of the complaint.

147.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 147 of the complaint.

148.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 148 of the complaint.

149.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 149 of the complaint.

150.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 150 of the complaint.

151.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 151 of the complaint.

152.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 152 of the complaint.

153.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 153 of the complaint.

154.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 154 of the complaint.

155.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 155 of the complaint.

156.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 156 of the complaint.

157.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 157 of the complaint.

158.   Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 158 of the complaint.

159.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 159 of the complaint.

160.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 160 of the complaint.

161.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 161 of the complaint.

162.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 162 of the complaint.

163.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 163 of the complaint.

164.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 164 of the complaint.

165.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 165 of the complaint.

166.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 166 of the complaint.

167.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 167 of the complaint.

168.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 168 of the complaint.

169.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 169 of the complaint.

170.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 170 of the complaint.

171.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 171 of the complaint.

172.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 172 of the complaint.

173.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 173 of the complaint.

174.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 174 of the complaint.

175.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 175 of the complaint.

176.    Repeat, reiterate and reallege their responses to paragraphs 1 through 176 hereof as though fully set forth herein.

177.    Deny the truth of the allegations contained in paragraph 177 of the complaint.

178.    Deny the truth of the allegations contained in paragraph 178 of the complaint.

179.    Deny the truth of the allegations contained in paragraph 179 of the complaint.

180.    Deny the truth of the allegations contained in paragraph 180 of the complaint.

181.    Deny the truth of the allegations contained in paragraph 181 of the complaint.

182.    Deny the truth of the allegations contained in paragraph 182 of the complaint.

183.    Deny the truth of the allegations contained in paragraph 183 of the complaint.

184.    Deny the truth of the allegations contained in paragraph 184 of the complaint.

185.    Deny the truth of the allegations contained in paragraph 185 of the complaint.

186.    Deny the truth of the allegations contained in paragraph 186 of the complaint.

187.    Repeat, reiterate and reallege their responses to paragraphs 1 through 187 hereof as though fully set forth herein.

188.    Deny the truth of the allegations contained in paragraph 188 of the complaint.

189. Deny the truth of the allegations contained in paragraph 189 of the complaint.

190. Deny the truth of the allegations contained in paragraph 190 of the complaint.

191. Deny the truth of the allegations contained in paragraph 191 of the complaint.

192. Deny the truth of the allegations contained in paragraph 192 of the complaint.

193. Deny the truth of the allegations contained in paragraph 193 of the complaint.

194. Deny the truth of the allegations contained in paragraph 194 of the complaint.

195. Deny the truth of the allegations contained in paragraph 195 of the complaint.

196. Deny the truth of the allegations contained in paragraph 196 of the complaint.

197. Deny the truth of the allegations contained in paragraph 197 of the complaint.

198. Repeat, reiterate and realleges their responses to paragraphs 1 through 198 hereof as though fully set forth herein.

199. Deny the truth of the allegations contained in paragraph 199 of the complaint.

200. Deny the truth of the allegations contained in paragraph 200 of the complaint.

201. Deny the truth of the allegations contained in paragraph 201 of the complaint.

202. Deny the truth of the allegations contained in paragraph 202 of the complaint.

203. Deny the truth of the allegations contained in paragraph 203 of the complaint.

204. Deny the truth of the allegations contained in paragraph 204 of the complaint.

205. Deny the truth of the allegations contained in paragraph 205 of the complaint.

206. Deny the truth of the allegations contained in paragraph 206 of the complaint.

207. Deny the truth of the allegations contained in paragraph 207 of the complaint.

208. Deny the truth of the allegations contained in paragraph 208 of the complaint.

209. Deny the truth of the allegations contained in paragraph 209 of the complaint.

210. Deny the truth of the allegations contained in paragraph 210 of the complaint.

211. Repeat, reiterate and reallege their responses to paragraphs 1 through 211 hereof as though fully set forth herein.

212. Deny the truth of the allegations contained in paragraph 212 of the complaint.

213. Deny the truth of the allegations contained in paragraph 213 of the complaint.

214. Deny the truth of the allegations contained in paragraph 214 of the complaint.

215. Deny the truth of the allegations contained in paragraph 215 of the complaint.

216. Deny the truth of the allegations contained in paragraph 216 of the complaint.

217. Repeat, reiterate and realleges their responses to paragraphs 1 through 217 hereof as though fully set forth herein.

218. Deny the truth of the allegations contained in paragraph 218 of the complaint.

219. Deny the truth of the allegations contained in paragraph 219 of the complaint.

220. Deny the truth of the allegations contained in paragraph 220 of the complaint.

221. Repeats, reiterates and realleges its responses to paragraphs 1 through 221 hereof as though fully set forth herein.

222. Deny the truth of the allegations contained in paragraph 222 of the complaint.

223. Deny the truth of the allegations contained in paragraph 223 of the complaint.

224. Deny the truth of the allegations contained in paragraph 224 of the complaint.

225. Deny the truth of the allegations contained in paragraph 225 of the complaint.

226. Deny the truth of the allegations contained in paragraph 226 of the complaint.

227. Repeat, reiterate and realleges their responses to paragraphs 1 through 227 hereof as though fully set forth herein.

228. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 228 of the complaint.

229. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 229 of the complaint.

230. Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 230 of the complaint.

231.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 231 of the complaint.

232.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 232 of the complaint.

233.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 233 of the complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

234.    Plaintiff has failed to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

235.    The American General Life Insurance Company policy of life insurance on the life of Ellman ("The Policy") was issued in violation of the Insurance Law of New Jersey and/or New York and the language relied upon by Plaintiff to rescind the policy must be struck.

## AS AND FOR A THIRD AFIRMATIVE DEFENSE

236.    Plaintiff has wrongfully rescinded the Policy.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

237.    Plaintiff has breached its duty of good faith.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

238.    This court should dismiss the action as the court is asked to solely address issues of state law which are unsettled and therefore are best heard in a state court in accordance with the holdings of the United States Court of Appeals for the Third Circuit, *State Auto Ins. Companies v. Summy*, 234 F.3d 131 (3rd Cir. 2000)

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

239.    Plaintiffs have alleged that the Applications for the Policies contain misrepresentations.

240.    Any misrepresentation on the applications did not affect the judgment of the underwriter in fixing the rate of premium charged by plaintiff and, therefore any misrepresentation is immaterial.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

241.    Any allegations made by plaintiff as to material misrepresentations on the application, to which defendants Deny, were made by plaintiff's own agents.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

242.    Plaintiff has waived the right to rescind the policies.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

243.    Plaintiff has waived its right of rescission by engaging, and continuing to engage in a course of conduct which clearly manifests its intent to continue coverage.

244.    Plaintiff has retained premium, continued to bill the insured for premium, accepted payment based on the billing, issued statements to the insured stating the value of the policy and paying commissions to agents after it had knowledge or should have knowledge of the alleged misrepresentations.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

245.    Plaintiff failed to tender the premium, plus interest, and therefore is estopped from rescission.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

246.    The application for the policy was not attached to the policy when delivered and is therefore inadmissible.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

247.    The action is untimely and violated the statue of limitations, incontestability statute and/or contestability clause of the policy.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

248.    American General sought to write high value policies to elderly individuals because of the extremely high premiums and high lapse rate associated with such policies. As a result, American General underwriters, and indeed many insurers' underwriters, ignored the analysis of their own actuaries and underwriting guidelines and wrote high value policies even if such policies were actuarially deficient. This was especially true with regard to the underwriting guideline's stance on financials as an insured that did not meet the guidelines would live just as long and have even less ability to keep paying high premiums. Below is a chart of the elderly policies issued in the last two decades:



(Source: Wall Street Journal)

249.   Beginning in 2001, insurers and investment institutions looked upon the elderly market as a great opportunity for growth. Insurers were well aware that the number of millionaires capable of paying hundreds of thousands of dollars in annual premium did not increase 100 fold in ten years. Insurers, while maintaining certain underwriting guidelines totally ignored the financial position of insureds. Therefore, AIG, the leading insurer of seniors as well as the leading investor (through Coventry First, LLC) of such policies, ignored its own guidelines. Applications were processed which omitted financial statements and financial information was not verified.

250.   Investment institutions saw this phenomenon as a significant opportunity for expansion. AIG, American General's parent company, funded a company called Coventry First, LLC, the largest investor in the elderly market, which purchased these actuarially deficient elderly policies in volume and continued to pay premiums until the death benefits became due. Since these policies were written with the lapse rate in mind, and the policies were no longer lapsing, the investors saw tremendous profits while the life insurers began to suffer financially.

251.    American General, counting on many of these high premium policies to lapse, was now forced to keep-up its end of the contract. As a result, at the end of 2006 and beginning of 2007 American General began to aggressively litigate the elderly policies and hoped that post-issuance judicial underwriting would offset the failures of its pre-issuance insurance underwriting. Even though American General was not concerned about the net worth of the insured when the policy was written, as that information does not at all increase or decrease the likelihood of death, American General began using the financial information contained in applications as a pretext to rescind policies. Sometimes, like here, the policy benefits become due earlier than American General predicted and American General uses the financial representations as a pretext to not pay a claim. As such, American General cannot rescind the Ellman policy.

### COUNTER-CLAIM – (FRAUD)

252.    Defendant, The Trust, is a trust created under the laws of the State of New York wherein Irving Ellman was the Grantor and Jeffrey Levitin, Esq. was the Trustee.

253.    Plaintiff, American General Life Insurance Company ("American General"), at all times relevant was and is a life insurance company with its home office located at 2727-A Allen Parkway, Houston, Texas, 77019.

254.    On or about March 14, 2006, American General issued insurance policy number UM0030862L (the "American General policy") insuring the life of Irving Ellman for $10 million dollars.

255.    Irving Ellman passed away of natural causes on May 21, 2008.

256.    American General received all premiums due as of the date of death of Irving Ellman.

257. At the time of Mr. Ellman's death on May 21, 2008, the American General policy was in full force and effect.

258. On May 28, 2008, the Trust filed a notice of claim with American General.

259. At the time of Mr. Ellman's death on May 21, 2008, and at the time the claim was filed with American General, days later, on May 28, 2008, more than two years had elapsed since the American General policy.

260. At the time of Mr. Ellman's death on May 21, 2008, and at the time the claim was filed with American General on May 28, 2008, the policy was no longer contestable by American General.

261. To date, American General has refused to pay the Trust's claim.

262. For years, American General sought to write high value policies to elderly individuals because of the extremely high premiums associated with such policies. Besides generating a high cash flow, these elderly policies were extremely profitable for American General because often, the increasing life expectancy made it difficult for insureds to continue paying the high premiums until the benefits become due. When these policies lapsed for failure to pay premiums, American General would gain a windfall as the policies would expire and the insurer would be entitled to keep all the past paid premiums.

263. As a result, American General underwriters ignored the analysis of their own actuaries and underwriting guidelines and wrote high value policies even if such policies were actuarially deficient.

264. In the last few years, the investment institutions saw this phenomenon as a significant opportunity for expansion. The financial institutions, including those funded by AIG, American General's parent company, purchased these actuarially deficient elderly policies in volume and continued to pay premiums until the death benefits became due. Since these policies

were written with the lapse rate in mind, and the policies were no longer lapsing, the investors saw tremendous profits while the life insurers began to suffer financially.

265.    American General, counting on many of these high premium policies to lapse, was now forced to keep-up their end of the contract.

266.    As a result, American General began to aggressively litigate the elderly policies and hoped that post-issuance judicial underwriting would offset the failures of its pre-issuance insurance underwriting.

267.    Even though American General cared not at all for the financial condition of the insured when the policy was written, as that information does not at all increase or decrease the likelihood of death, American General fraudulently began alleging that the financial information in applications were materially misrepresented as a pretext to rescind policies.

268.    American General, at all times, was aware of the life settlement market and, in fact, for many years actively pursued the market.

269.    Upon information and belief, American General pursued the market by ignoring its own underwriting guidelines concerning financial condition of the insured.

270.    American General realized that catering to the life settlement market created opportunities for American General to collect colossal premiums and substantially increase its cash flow and market share.

271.    With regard to the American General policy upon the life of Ellman, American General was actually aware of the alleged misrepresentations and yet American General continued to accept premium payments on the policy.

272.    Upon information and belief, at the time American General issued the policy at issue, the financial condition of the insured was not material to its underwriting.

273.    Upon information and belief, American General would have issued the Ellman policy even had it known of the alleged misrepresentations at the time of the application.

24

274.    Ellman, the insured, was a New York resident.

275.    The trustee of the Trust is a New York resident.

276.    American General refuses to return the premiums paid to the Trust upon rescission of the policy.

277.    At the time American General issued the Ellman policy it had no intention of ever honoring the death benefit. Instead, it issued the policy with the intention that the policy would lapse for failure to pay premium.

278.    In the case of the Ellman policy, since the policy did not lapse prior to the benefits becoming due, American General falsely claims that it would not have issued the policy had it known of the insured's true financial condition.

279.    In fact, despite American General's contentions, American General knew or should have known the insured's true financial condition prior to the issuance of the policy or shortly thereafter. In fact, contrary to American General's contention here, when pricing the policy, American General did not use the financial condition of the insured as an element of its actuarial practice.

280.    Although American General claims that it never would have issued the Ellman policy had it known Ellman's true financial condition, it really issued the policy without regard to Ellman's financial condition and only issued the policy in order to induce the Trust to pay premiums for coverage American General never intended on providing to anyone.

281.    American General's underwriters were able to issue the policies despite the fact that they knew or should have known that the financial condition of the insured was questionable because the financial condition of the insured did not alter the risk assumed by American General. The financial condition of Ellman did not increase or decrease his life expectancy.

282.    Further evidence that the Ellman policy was issued solely to collect and keep premiums for which no benefit would ever accrue is the fact that American General investigated

the following policies and determined that the policies contained the same or similar conditions as in Ellman which would allow American General to rescind:

| Insured | Policy # | Effective Date | Face Amount | Amount | Target Premium |
|---------|----------|----------------|-------------|--------|----------------|
| Buchsbaum, Lily | UM0023807L | 1/9/2006 | $10,000,000 | $577,054 | $698,800 |
| Deblasio, Lena | UM0030860L | 1/6/2006 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0030800L | 1/6/2006 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0030857L | 1/6/2006 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0030799L | 1/6/2006 | $2,000,000 | $45,840 | $70,900 |
| Deblasio, Lena | UM0030678L | 10/28/2005 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0023613L | 12/2/2005 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0023614L | 12/2/2005 | $1,500,000 | $34,380 | $53,175 |
| Deblasio, Lena | UM0030676L | 11/2/2005 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0030677L | 10/28/2005 | $1,000,000 | $22,920 | $35,450 |
| Deblasio, Lena | UM0030679L | 10/28/2005 | $2,000,000 | $45,840 | $70,900 |
| Deblasio, Lena | UM0030680L | 10/28/2005 | $1,500,000 | $34,380 | $53,175 |
| Deblasio, Lena | UM0030681L | 10/28/2005 | $1,000,000 | $22,920 | $35,450 |
| Klein, Tsvi | UM0030932L | 4/7/2006 | $3,000,000 | $169,560 | $203,370 |
| Liebowitz, Judith | UM0023812L | 5/4/2006 | $8,000,000 | $233,671 | $355,280 |
| Liebowitz, Judith | UM0030861L | 3/2/2006 | $10,000,000 | $291,948 | $444,100 |
| Perlstein, Sarah | UM0023658L | 1/5/2006 | $1,500,000 | $103,140 | $128,970 |
| Perlstein, Sarah | UM0023657L | 1/5/2006 | $3,500,000 | $240,660 | $300,930 |
| Rozencweig, Olga | UM0030865L | 3/28/2006 | $5,000,000 | $235,637 | $310,600 |
| Rozencweig, Olga | UM0030929L | 3/28/2006 | $5,000,000 | $235,637 | $310,600 |
| Winkler, Manasse | UM0030856L | 2/8/2006 | $1,000,000 | $90,480 | $107,570 |
| Winkler, Manasse | UM0023672L | 2/8/2006 | $1,000,000 | $90,480 | $107,570 |
| Wolpin, Edith | UM0023758L | 3/24/2006 | $4,000,000 | $227,520 | $309,640 |
| Wolpin, Edith | UM0023760L | 3/24/2006 | $3,000,000 | $170,640 | $232,230 |
| **Totals: 28** | | | $115,000,000 | $4,581,396 | $6,163,710 |

283.   Instead of rescinding the policies, however, American General chooses to keep the policies in force with the intent to collect premiums, keep the premiums and never pay any benefit. Presently, American General collects over $6 million per year in premiums on these policies but like Ellman, never intends on providing any coverage.

284.   When Ellman's claim for benefits became due sooner than American General's underwriters predicted, American General used the representations made concerning Ellman's

financial condition as a pretext to void the policy and keep the premiums even though it knew or should have known of Ellman's true financial condition.

285.   With regard to the Ellman policy, American General knew it was IOLI and did not care. American General issued the policy on March 14, 2006. That same month, American General audited a series of policies and concluded that the Ellman policy was among those that were likely STOLI policies.

286.   On November 17, 2006, Denise Bell wrote to Scott Busalacchi asking, "will the company be pursuing any further investigation on the "yes" ones?"

287.   On November 17, 2006, Mr. Busalacchi replied that no further action will be taken because the audit was "just an effort to estimate the total how much IOLI business we may have."

288.   American General's feigned outrage against STOLI is a performance enacted in order to not pay the claim.

289.   As a result of the above, American General has acted fraudulently.

290.   The Trust has been monetarily damaged in an amount to be determined at trial.

**WHEREFORE**, defendants, Ellman Savings Irrevocable Trust and Jeffrey Levitin respectfully requests that this Court dismiss the first amended complaint filed in this action against it and grant defendants' counterclaims, together with the costs and disbursements, including reasonable attorneys' fees and expenses.

Dated: East Brunswick, New Jersey
      December 21, 2010

                              SCHINDEL, FARMAN, LIPSIUS,
                              GARDNER & RABINOVICH LLP
                              Attorneys for Defendants
                              Ellman Savings Irrevocable Trust and
                              Jeffrey Levitin

By:                          
                              Ira S. Lipsius
                              David BenHaim

4 Cornwall Drive, Suite 101
East Brunswick, NJ 08816
732-390-0166
Our File No.:  4206.0002

## JURY DEMAND

Defendants, Ellman Savings Irrevocable Trust and Jeffrey Levitin, demand trial by jury

on all issues triable by a jury.

Dated: December 21, 2010

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP
Attorneys for Defendants
Ellman Savings Irrevocable Trust and
Jeffrey Levitin

By: _____
Ira S. Lipsius
David BenHaim
4 Cornwall Drive, Suite 101
East Brunswick, NJ 08816
732-390-0166
Our File No.:  4206.0002