WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Robert P. Lesko
Karen D. Peck
33 Washington Street
Newark, New Jersey 07102-3017
(973) 624-0800 ph.
(973) 624-0799 fx.
Attorneys for plaintiff, American General
Life Insurance Company

|  |  |  |
|---|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY | : : : | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
|  | : | Civil Action No: 3:08-cv-05364-MLC-TJB |
| Plaintiff, | : |  |
|  | : |  |
| vs. | : |  |
|  | : | **AMERICAN GENERAL'S ANSWER** |
| ELLMAN SAVINGS IRREVOCABLE | : | **TO DEFENDANT ELLMAN SAVINGS** |
| TRUST, JEFFREY LEVITIN, ISRAEL | : | **IRREVOCABLE TRUST'S AND** |
| KUGIELSKY, CHAIM RUBIN, and JOHN | : | **JEFFREY LEVITIN'S SECOND** |
| DOES 1-10, | : | **AMENDED COUNTERCLAIM** |
|  | : |  |
| Defendants. | : |  |
|  | : |  |

Plaintiff/Counterclaim Defendant, American General Life Insurance Company

("American General"), by and through its undersigned counsel, by way of Answer to

Count One of the Second Amended Counterclaim, alleges and says:

252.    American General is without knowledge sufficient to admit or deny the

allegations contained in the corresponding paragraph of the Second Amended

Counterclaim.

253.    American General admits the allegations contained in the corresponding

paragraph of the Second Amended Counterclaim.

254.   American General admits that it issued the Policy with an issue date of March 14, 2006.

255.   American General admits that Irving Ellman passed away on May 21, 2008.   Except as expressly stated herein, American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

256.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

257.   American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

258.   American General admits that on or about May 22, 2008, Jeffrey Levitin, as Trustee of the Ellman Savings Irrevocable Trust, submitted to American General a Proof of Death Claimant's Statement.

259.   The allegations contained in the corresponding paragraph of the Second Amended Counterclaim are ambiguous; therefore, American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim in light of their ambiguity.

260.   American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

261.   American General admits the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

262.   American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

263.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

264.    To the extent that the allegations contained in the corresponding paragraph of the Second Amended Counterclaim are incomplete or are inconsistent with, contrary to, or otherwise not supported by American General's Rule 7.1 Corporate Disclosure Statement, said allegations are expressly denied.   Except as expressly stated hererin, American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

265.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

266.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

267.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

268.    American General admits that it is aware of the life settlement market. American General denies all other allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

269.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

270.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

271.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

272.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

273.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

274.    American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

275.    American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

276.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

277.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

278.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

279.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

280.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

281.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

282.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

283.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

284.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

285.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

286.    American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

287.    American General is without knowledge sufficient to admit or deny the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

288.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

289.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

290.    American General denies the allegations contained in the corresponding paragraph of the Second Amended Counterclaim.

WHEREFORE, American General demands dismissal of the Second Amended Counterclaim and judgment in its favor and against defendants as follows:

a.    A declaration pursuant to 28 U.S.C. § 2201 that American General

is entitled to keep all premiums paid under the Ellman Policy as offset against damages, costs, fees and expenses incurred by American General on account of defendants' fraudulent conduct as necessary to restore American General to its pre-contract position, and that the Ellman Policy is void *ab initio* and of no force and effect from inception, and that defendants have no interest therein; that the Ellman Policy be canceled and rescinded as of the date of its inception; and that defendants be ordered to surrender to American General the original and all copies of the Ellman Policy in their possession, custody and control for cancellation;

b.      A declaration pursuant to 28 U.S.C. § 2201 that upon American General's deposit with the Court of the total amount of premiums paid under the Ellman Policy, the Ellman Policy is void *ab initio* and of no force and effect from inception, and that defendants have no interest therein; that the Ellman Policy be canceled and rescinded as of the date of its inception; and that defendants be ordered to surrender to American General the original and all copies of the Ellman Policy in their possession, custody and control for cancellation;

c.      An order requiring  defendants, jointly and individually, to reimburse American General for and/or permitting American General to offset its cost associated with the underwriting, issuance, and administration of the Ellman Policy together with its cost of investigation, costs of suit and attorneys fees;

d.      Judgment in favor of American General and against defendants, jointly and individually, for compensatory damages, punitive damages, costs of

suit, and attorneys fees;

     e.     Such other and further relief as may be available to American General which the Court deems to be equitable and just.

## AFFIRMATIVE DEFENSES

1.     The Second Amended Counterclaim fails to state facts sufficient to constitute a cause of action for  which relief may be granted.

2.     The Second Amended Counterclaim should be dismissed based on the doctrine of equitable and/or promissory estoppel.

3.     The Second Amended Counterclaim should be dismissed based upon the doctrine of unclean hands.

4.     The Second Amended Counterclaim should be dismissed based upon the doctrine of waiver.

5.     The Second Amended Counterclaim should be dismissed because the Policy is void *ab initio* and unenforceable by virtue of fraud in the inducement committed by the Defendants and/or third parties.

6.     The Second Amended Counterclaim should be dismissed because the Policy is void *ab initio* and unenforceable due to a lack of insurable interest.

7.     If and to the extent that American General failed to perform any obligation owing to Defendants, which American General categorically denies, such performance was prevented or made impossible as a result of acts or omissions of Defendants, and/or third parties.

8.     The Second Amended Counterclaim should be dismissed because of the

failure of one or more of the conditions precedent and/or conditions subsequent to coverage contained within the Policy, including but not limited to: the obligation of utmost good faith and fair dealing in connection with the application for the Policy and the requirement that all statements and answers in the application for the subject Policy be true and complete as of the date of delivery of the Policy to the policy owner.

9.      The Second Amended Counterclaim and each of  Defendants' causes of action and claims for relief should be dismissed based upon application of the relevant law of the State of New Jersey, which law applies to all of the claims and defenses asserted herein.

10.     The Second Amended Counterclaim and each of Defendants' causes of action and claims for relief are barred based upon application of the doctrine of collateral estoppel.

11.     The Second Amended Counterclaim and each of Defendants'' causes of action and claims for relief are barred based upon application of the doctrines of setoff and recoupment.

12.     American General presently has insufficient knowledge or information on which to form a belief as to whether they may have additional, yet unstated affirmative defenses.  American General reserves the right to assert additional affirmative defenses in the event discovery or further investigation indicates that asserting additional affirmative defenses would be warranted.

**WHEREFORE**, American General demands judgment in its favor dismissing the Second Amended Counterclaim with prejudice, and requiring Defendants to reimburse American General for all attorneys' fees and costs incurred together with any and all such

further relief to which American General may be entitled.

**WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
Attorneys for plaintiff, American General Life Insurance Company


By: ___*s/ Robert P. Lesko*_____
       Robert P. Lesko

Dated: January 24, 2011