# SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP
### ATTORNEYS AT LAW
4 CORNWALL DRIVE
SUITE 101
EAST BRUNSWICK, N.J. 08816

(732) 390-0166
FACSIMILE (732) 432-7706
WEBSITE: www.sfl-legal.com

IRA S. LIPSIUS*
JEAN M. GARDNER**
LAURENCE J. RABINOVICH
LORIENTON PALMER*
ANDREW KARONIS

JUDITH A. NORMAN*
PHILIP A. BRAMSON
MARC I. KUNKIN
CHERYL LIPSIUS*
DAVID BENHAIM

* ADMITTED IN NEW YORK ONLY
** MANAGING ATTORNEY

NEW YORK OFFICE

14 PENN PLAZA, SUITE 500
NEW YORK, N.Y. 10122
(212) 563-1710

FACSIMILE (212) 695-6602

OF COUNSEL

EDWARD FARMAN*

Writer's Extension: 253
Email: dbenhaim@sfl-legal.com

June 24, 2011

**_VIA ECF_**
Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
For the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re:    **American General Life Insurance Co. v. Ellman Savings Irrevocable Trust**
              **Docket No. 08 CV 5364 (MLC) (TJB)**
              **Our File No. 4206.0002**

Dear Honorable Judge Bongiovanni:

      We represent Jeffrey Levitin, the trustee of the Ellman Savings Irrevocable Trust ("Trust"). We write to seek leave to file a motion to compel discovery and for sanctions concerning American General's wanton and malicious non-responses to long-outstanding discovery requests. Attempts to resolve this issue without Court intervention have proven to be fruitless.

      Over one year ago, on May 7, 2010, we served American General with our first Request for Production of Documents and First Set of Interrogatories.

      Since March 3, 2011, we have been beginning American General to respond to our discovery demands. At our last conference, held on May 31, 2011, American General promised that responses were "on their way." Later that day we received some of American General's purported responses and the rest were received on June 16, 2011. Exhibit A. American General refused to produce a single document in response to the demands and instead, peppered its responses with boilerplate, inapplicable and unsubstantiated objections.

      American General's responses were egregiously deficient and show utter contempt for the discovery process. Some examples of the bad faith inherent in the non-responses: American

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Tonianne J. Bongiovanni
June 24, 2011
Page 2

General has produced less than 10 emails, all of which were produced as part of its Rule 26 disclosure, and refuses to even conduct a search for emails communicated to or from its employees and agents concerning the policy at issue in this litigation.

In allegation 60 of the amended complaint, American General claims that it first learned that the insured had more than the American General policy insuring his life when the insured passed away and a claim was made for benefits. Thus, we requested, "A copy of any MIB reports obtained by AIG during the underwriting of the Ellman policy." An MIB report is always obtained by the insurer as part of the underwriting process and it shows what other policies were submitted for an applicant. American General's response to this clearly relevant and vital request:

> 4. A copy of any MIB reports obtained by AIG during the underwriting of the Ellman policy.
>
> **Response:**
>
> American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

As you know, this court denied American General's motion to dismiss the counter-claim for fraud based, in large part, on an audit conducted of Rubin and referenced in the counter-claim. Specifically, a series of emails between Denise Bell and AIG employee Scott Busalacchi discussed an investigation of agent Chaim Rubin which identified the Ellman policy as a STOLI policy shortly after the policy was issued and discussed that American General did not plan on acting upon this discovery. This court cited this email exchange as well as the fact that American General American separately investigated Rubin and determined that other policies contained the same or similar conditions as in Ellman which would allow American General to rescind, yet it chose to keep those policies in force. Yet, American General refuses to disclose any of the information relevant to these allegations:

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Tonianne J. Bongiovanni
June 24, 2011
Page 3

> 48. All documents concerning any of the following AIG insureds:
>
>   a. Lily Buchsbaum
>   b. Sarah Perlstein
>   c. Lean Deblasio
>   d. Judith Liebowitz
>   e. Olga Rozencweig
>   f. Edith Wolpin
>   g. Tsvi Klein
>   h. Risha Goldklang
>   i. Rachelle Kremer
>   j. Judith Rosenthal
>
> **Response:**
> American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.

American General's failure to respond is particularly disturbing considering its purported RICO claim and allegations 84-175 of the amended complaint, which detail the so-called "Goldklang Fraud" the "Kremer Fraud" and the "Rosenthal Fraud." American General has not produced a single document concerning any of these policies.

American General has also refused to produce any documents concerning the Trust's thirteenth affirmative defense that American General regularly ignored the lack of financial justification in order to write high value elderly policies. For example, American General's vice president of underwriting testified in another matter that at one point, American General decided that in order to verify the financial information that it receives in an application, all applications must be accompanied by tax returns. When the

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Tonianne J. Bongiovanni
June 24, 2011
Page 4

sales staff informed the underwriters that the sale of high value elderly policies has suffered as a result of this decision, American General reversed its policy, once again turning a blind eye to the financial representations made. The Trust requested:

> 3. All documents or communications concerning, discussing or resulting from the 2006 or 2007 decision by AIG to require tax returns during application and the decision rescinding the requirement, including, but not limited to all records and emails maintained, sent, or received by Kent Major, Marketing and Distribution, Brad Gabel, Royce Imhoff, Dennis Roberts, Mr. Cicchi and the Legal Department.

American General refuses to respond.

American General also refuses to produce records of materiality which show how the financial condition of the insured is material to the risk assumed by American General.

Moreover, American General refuses to produce the witnesses as noticed for deposition or even assert whether the noticed employees are still employees of American General.

American General refuses to produce the telephone interview it conducted of Larry Ellman during the underwriting process which forms the basis for its entire complaint and referenced in paragraph 39 of the amended complaint, citing some obscure and inapplicable case law concerning surveillance videos taken of personal injury claimants. The interview sought was not a surveillance record but a part of the underwriting process and clearly discoverable.

In order to mask its complete failure in discovery, American General misrepresented to this court at the last conference that the Trust also had outstanding discovery. This was completely false as all demands made of the Trust were responded to in February 2011. Since the conference, we have not been advised of any purported outstanding discovery.1

In sum, American General's behavior in discovery is repugnant and sanctionable. We therefore respectfully request that this court grant the Trust leave to file a motion to compel and to sanction American General for its malicious and wanton refusal to

SCHINDEL, FARMAN, LIPSIUS, GARDNER & RABINOVICH LLP

Hon. Tonianne J. Bongiovanni
June 24, 2011
Page 5

participate in discovery.

Respectfully yours,

SCHINDEL, FARMAN, LIPSIUS,
GARDNER & RABINOVICH LLP

David BenHaim

DB:tl

Enclosures

cc: Karen D. Peck *(Via Email and US Mail)*
Wilson Elser Moskowitz Edelman & Dicker
200 Campus Drive
Florham Park, NJ 07932-0668
Email: Karen.peck@wilsonelser.com