WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Robert P. Lesko
Karen D. Peck
200 Campus Drive
Florham Park, NJ 07932-0668
(973) 624-0800 ph./ (973) 624-0799 fx.
Attorneys for plaintiff, American General Life Insurance Company

|  |  |  |
|---|---|---|
| | : | UNITED STATES DISTRICT COURT |
| AMERICAN GENERAL LIFE INSURANCE | : | FOR THE DISTRICT OF NEW JERSEY |
| COMPANY | : | |
| | : | Civil Action No: 3:08-cv-05364-MLC-TJB |
| Plaintiff, | : | |
| | : | **AMERICAN GENERAL LIFE** |
| vs. | : | **INSURANCE COMPANY'S** |
| | : | **RESPONSE TO THE FIRST REQUEST** |
| ELLMAN SAVINGS IRREVOCABLE | : | **FOR THE PRODUCTION OF** |
| TRUST, JEFFREY LEVITIN, ISRAEL | : | **DOCUMENTS OF THE ELLMAN** |
| KUGIELSKY, CHAIM RUBIN, and JOHN | : | **SAVINGS IRREVOCABLE TRUST** |
| DOES 1-10, | : | **AND JEFFREY LEVITIN, AS** |
| | : | **TRUSTEE** |
| Defendants. | : | |
| | : | |

TO:     Ira Lipsius, Esq.
        Schindel, Farman, Lipsius, Gardner & Rabinovich LLP
        14 Penn Plaza, Suite 500
        New York, New York 10122
        Attorneys for Defendants Ellman Savings Irrevocable Trust and Jeffrey Levitin

        PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil

Procedure, plaintiff American General Life Insurance Company (hereinafter "American

General") objects to and answers the First Request for the Production of Documents

propounded by the Ellman Savings Irrevocable Trust and Jeffrey Levitin, as Trustee, as

follows:

        **WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP**
        Attorneys for Plaintiff, American General Life Insurance Company

        By: _Karen D Peck_____
                Karen D. Peck

Dated: May 31, 2011

998395.1

## <u>GENERAL OBJECTIONS</u>

The information supplied in these responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's attorneys, unless privileged.  The word usage and sentence structure is that of the attorneys who prepared these answers and do not purport to be the exact language of the executing parties.  These responses are based on information currently known by American General and its attorneys.  Discovery in this case is ongoing, and American General has not completed its investigation of the facts pertaining to this action, nor has it completed its discovery, or preparation for trial.  American General reserves the right to rely on any facts, documents or other evidence which may develop or come to American General's attention subsequent hereto.  American General's responses are set forth herein without prejudice to American General's right to assert additional objections or supplemental responses should American General discover additional information or grounds for objections.  American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to defendants' improper reference to "AIG" in their First Request for Production of Documents insofar as there is no entity referred to as "AIG" that is a party or otherwise relevant to this action or any of the claims or defenses asserted herein.  Insofar as practical, American General has assumed that all of defendants' references to "AIG" were inserted in error, and were actually intended to read "American General Life Insurance Company," and American General has responded to the requests on that basis.

American General objects to these requests in their entirety as overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

American General objects to each request calling for an answer requiring "each", "every", "all", "any", or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such requests are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, American General will construe these terms and phrases to request that American General use reasonable diligence to locate relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

American General objects to all requests for information regarding "each", "every", "all", "any", or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) on the grounds that Plaintiff has not completed its investigation of facts relating to this action.  Discovery and American General's search for documents and related materials is ongoing.  Accordingly, American General reserves the right to rely on any facts, documents or other evidence that may develop or come to American General's attention, subsequent thereto.  American General's responses are set forth herein without prejudice to its right to assert additional objections or supplemental responses should American General discover additional information or grounds for

998395.1

objections.  Additionally, American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to each requests that seeks information with respect to documents or oral communications "relating to", "reflecting", "pertaining to", "concerning", "discussing", "referencing", or "referring to" certain facts or contentions on the grounds that these terms are vague and ambiguous, and do not describe the material sought with sufficient particularity.  American General further objects that requests using these terms are overly broad, unduly burdensome, oppressive and vexatious and that they seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

American General objects to the requests to the extent they impose any duty or obligation upon American General in excess of those duties and obligations imposed by the applicable Rules of Court.

American General objects to all requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

American General objects to all requests that seek information in the possession or control of other parties to this action.

American General objects to all requests to the extent that they require American General to detail its legal contentions and supporting facts on the ground that such request are premature at this stage of discovery.

998395.1

To the extent American General responds to these requests, American General does not concede that the information requested is relevant to this action.  American General expressly reserves the right to object to further discover of the subject matter of any of these Requests and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these requests.

American General reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding or the trial of this or any other action and to object on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

American General objects to all requests to the extent they seek disclosure of confidential, commercial or business information.

The foregoing General Objections are hereby expressly incorporated in each of the following responses to requests, to the extent applicable, and are in addition to any specific objections made in any of the following answers.

## <u>SPECIFIC ANSWERS AND OBJECTIONS</u>

1.      All documents identified in AIG's Rule 26(a)(1)(A) Initial Disclosures, to the extent not already disclosed.

**<u>Response:</u>**
American General refers defendants to the documents produced in connection with American General's Initial Disclosures pursuant to Fed. R. Civ. P. 26.

2.      All Documents Concerning the Ellman Policy.

**<u>Response:</u>**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

3.      All Documents used by, relied upon or consulted by AIG in responding to the Trust's First Set of Interrogatories.

**<u>Response:</u>**
American General objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

4.     All Documents identified in AIG's responses to the Trust's First Set of Interrogatories.

**Response:**

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

5.     All Documents concerning Irving Ellman, including, without limitation to, (i) Documents Concerning or relating to any policy of insurance issued by AIG insuring the life of Irving Ellman; (ii) Documents Communicated between AIG and Irving Ellman; and (iii) Documents Communicated between AIG and Larry Ellman.

**Response:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds and to the extent that it calls for the disclosure of the work product of counsel which reflects counsel's mental impressions and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

6.      Copies of any correspondence, or any Documents Communicated, between AIG and any other Person (including, but without limitation to, agents, reinsurers, and brokers) concerning Irving Ellman or the Ellman Policy.

**<u>Response:</u>**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds and to the extent that it calls for the disclosure of the work product of counsel which reflects counsel's mental impressions and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

7.      All Documents concerning in any way commissions paid in connection with the Ellman Policy, including, without limitation to, (i) Documents, contracts or agreements with any persons receiving any commission in connection with the Ellman Policy; and (ii) Documents substantiating or evidencing commissions paid to any person in connection with the Ellman Policy.

**<u>Response:</u>**

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

8.      All pleadings and motions filed in any legal action identified in response to Request No. 10 of the Trust's First Set of Interrogatories.

**<u>Response:</u>**

American General objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.

9.      All discovery requests exchanged in any legal action identified in response to Request No. 10 of the Trust's First Set of Interrogatories.

**Response:**

American General objects to this request on the grounds that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.

10.     All Documents in support of AIG's claim that it has been damaged as a result of fraud allegedly committed by Defendants.

**Response:**

American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.  American General may also rely upon additional facts that have been or may be disclosed in the course of this litigation and continuing discovery, including but not limited to, in: pleadings filed by any party or non-party;

answers to interrogatories, requests for admission, requests for production submitted by any party and documents produced in response thereto; responses to subpoenas issued or answered by and party or non-party; testimony of any party or non-party in any formal or informal proceeding in this or any other action; oral or written statements of any party or non-party, or; any other process or proceeding.

11.    All Documents Concerning any investigation taken in connection with the facts and circumstances of this litigation or Concerning any investigation of Irving Ellman, the Ellman Policy or Larry Ellman, including, without limitation to, (i) any and all records, memoranda, notations, statements summaries and other Documents which were obtained from or as a result of interviewing persons having or purporting to have knowledge of the facts and circumstances surrounding this action; (ii) transcripts of all telephone conversations recorded with regard to any investigation conducted concerning Irving Ellman, Larry Ellman, and the Ellman Policy; and (iii) copies of all investigation reports concerning the Ellman Policy.

**<u>Response:</u>**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

12.    Any and all films, photographs, video tapes, or audio tapes, including transcripts or memoranda thereof, made either before, after or at the time of the policy rescission, concerning the rescission of the Ellman Policy. This request calls for actual reports from the negatives and includes all films, photographs, video tapes, or audio tapes which AIG intends to rely on at the time of trial.

**Response:**

American General objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request. To the extent any films, photographs, video tapes, or audio tapes otherwise exist and are within American General's possession, custody and control, said documents will be produced in accordance with applicable rules of court and/or court order during the course of this litigation.

13. Transcripts of all telephone conversations recorded with regard to any application made in connection with the Ellman Policy.

**Response:**

American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request. To the extent any document responsive to this request otherwise exists and is within American General's possession, custody and control, said document will be produced in accordance with applicable rules of court and/or court order during the course of this litigation.

14. All Documents communicated with any financier of premiums concerning insurable interest for the period from 2002 to present, including, without limitation to, bulletins, memoranda or agent letters issued by AIG since January 1, 2002 concerning insurable interest.

**Response:**

American General objects to this request on the grounds that it is vague and ambiguous and because it is overly broad and unduly burdensome insofar as it is not limited by relevant time period, specific description or any other reasonable limitation

and because of the phrase "financier of premiums" is not appropriately defined or limited. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

15.    A copy of any and all underwriting guidelines used by AIG from January 1, 2002 to the present relating to High Value Life Insurance policies.  If an underwriting guidelines applies to policies of which High Value Lie Insurance policies are a subset of the applicable policies, then such guideline or guidelines are included within this Request.

**Response:**
American General objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

Subject to and without waiver of any objections, and upon the execution and entry of an appropriate confidentiality order, American General will produce the relevant portions of its underwriting guidelines in effect at the time the Policy at issue in this litigation was issued.

16.    All documents used by AIG to determine premiums or pricing for High Value Life Insurance Policies.

**Response:**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American

General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine.

17.    All internal memoranda, newsletters, bulletins, agent letters or agent memos concerning High Value Life Insurance policies from January 1, 2002 to the present.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

18.    All internal memoranda, newsletters, bulletins, agent letters or agent memos concerning Challenge Policies from January 1, 2002 to the present.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous because the term/phrase "Challenge Policies" is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

19.     Copies of any guidelines or documents that establish ratios or charts that compare total insurance in force and face values permitted for any policies issued by AIG.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or other reasonable limitation. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

Subject to and without waiver of any objections, and upon the execution and entry of an appropriate confidentiality order, American General will produce the relevant portions of its underwriting guidelines in effect at the time the Policy at issue in this litigation was issued.

20.     Copies of all documents communicated between AIG and its agents concerning High Value Life insurance policies from January 1, 2002 to the present, including, without limitation to, (i) marketing materials concerning high value life insurance policies; and (ii) documents concerning the sale of high value life insurance policies; and (iii) documents concerning the net worth of applicant or insureds of high value life insurance policies.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting

interpretations.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

21.  Copies of all documents communicated between AIG and its agents or brokers concerning the total life insurance in force for individuals, insureds, or potential insureds of High Value Life Insurance policies from January 1, 2002, to the present.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

22.  Copies of documents regarding the rescission of policies or denial of coverage or denial of a claim on the basis of other insurance misrepresentations, financial statements made in the policy application or on the basis of other life insurance available on the life of the insured.

998395.1

**Response**:

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel, and is therefore subject to the attorney work product doctrine.

23. Copies of all applications (appropriately redacted) submitted from January 1, 2002 to the present to AIG seeking life insurance coverage for a person over 75 years old and seeking coverage of $5 million or more.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds and to the extent that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.

24.     Copies of all documents discussing or concerning the impact or materiality of Financial Misrepresentations on the risk or hazard assumed by a life insurer.

**<u>Response:</u>**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request, including but not limited to the relevant portions of American General's underwriting guidelines in effect at the time the Policy at issue in this litigation was issued.

25.     Copies of all documents discussing or concerning the impact or materiality of other insurance misrepresentations on the risk or hazard assumed by a life insurer.

**<u>Response:</u>**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain

whether American General is in possession of any responsive information.  American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.  American General further responds that, upon the execution and entry of an appropriate confidentiality order, American General will produce the relevant portions of its underwriting guidelines in effect at the time the Policy at issue in this litigation was issued.

26.     Copies of all newsletters, bulletins, agent letters or agent memos regarding insurable interest from January 1, 2002 to the present.

**Response:**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

27.     Copies of any internal memos concerning the sale of life insurance policies with fact value of $2million or more.

**Response:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.

28.     Any actuarial findings made in connection with the rating of High Value Life Insurance Policies.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous because the term/phrase "filings made in connection with" is subject to alternate and potentially conflicting interpretations.   American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary

documents and information, the disclosure of which would violate trade secrets of
American General and/or place American General at a competitive disadvantaged and/or
cause American General to lose a competitive advantage.

29.     Any documents communicated between AIG and any reinsurer concerning
any high value life insurance policies and/or any challenge policies.

**Response:**
        American General objects to this request on the grounds and to the extent that it is
vague and ambiguous insofar as it is subject to alternate and potentially conflicting
interpretations.  American General further objects to this request on the grounds and to
the extent that it is overly broad and unduly burdensome because it is not limited by
relevant time period, specific description or any other reasonable limitation.  American
General further objects to this request on the grounds and to the extent that it is overly
broad and unduly burdensome as to respond to said request would require
disproportionately time-consuming and expensive search of American General's records
in order to ascertain whether American General is in possession of any responsive
information.  American General further objects to this request to the extent that it seeks
information that is neither relevant to the claims or defenses asserted by either party in
connection with the litigation nor reasonably calculated to lead to the discovery of
admissible evidence.  American General further objects to this request on the grounds and
to the extent that it seeks personal and confidential information concerning other insureds
that are not parties to this litigation.   American General further objects to this request on
the grounds and to the extent that it calls for information the disclosure of which would
violate the attorney-client privilege.  American General further objects to this request on
the grounds that it seeks disclosure of information that is not within the possession,
custody or control of American General.  American General further objects to this request
on the grounds and to the extent that it seeks confidential and proprietary documents and
information, the disclosure of which would violate trade secrets of American General
and/or place American General at a competitive disadvantaged and/or cause American
General to lose a competitive advantage.

30.     All applications, agent reports, inspection reports, and policies
(appropriately redacted) concerning each and every policy which AIG has identified as a
Challenge Policy, has identified as a suspected Challenge Policy, or which AIG has
expressed a belief may be a Challenge Policy.

**Response:**
        American General objects to this request on the grounds and to the extent that it is
vague and ambiguous insofar as it is subject to alternate and potentially conflicting
interpretations.  American General further objects to this request on the grounds and to
the extent that it is overly broad and unduly burdensome because it is not limited by
relevant time period, specific description or any other reasonable limitation.  American
General further objects to this request on the grounds and to the extent that it is overly
broad and unduly burdensome as to respond to said request would require

disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.

      31.     All applications and policies (appropriately redacted) concerning each and every High Value Life Insurance policy which AIG has conducted any investigation as to insurable interest.

**Response:**

     American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.

      32.     Copies of all documents communicated to or from AIG concerning premium financing since January 1, 2002.

**Response:**

     American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by

998395.1

relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

33. Copies of all documents communicated concerning insurable interest between AIG and any premium finance company since January 1, 2002.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade

secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

34.     All documents and communications between AIG and any entity which AIG has identified as being involved in Challenge Policies.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

35.     All reports, investigation materials, training materials, and pamphlets, in AIG's possession, regarding Challenge Policies.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in

connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.

36.    Copies of all newsletters, bulletins, agent letters or agent memos regarding insurable interest from January 1, 2001, to the present.

**Response:**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents.

American General refers defendants to its objections and response to the foregoing requests, including, but not limited to requests numbered 18 and 26, above.

37.    Copies of all documents that evidence the materiality of financial misrepresentations concerning an insured.

**Response:**
American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-

consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery. American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 24.

38.     All internal memos issued since January 1, 2001 concerning premium financing, insurable interest, high value life insurance, elderly life insurance, stranger owned life insurance, or financial representations made in a policy application.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous because it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and

proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery.

      39.    Copies of all newsletters, bulletins, agent letters or agent memos regarding Stranger Owned Life Insurance policies, Charity Owned Life Insurance policies, Investor Owned Life Insurance Policies, or viatical settlement since January 1, 2001.

**Response:**
      American General objects to this request on the grounds and to the extent that it is vague and ambiguous because it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery.

      40.    Copies of all documents used to determine premiums or pricing of high value life insurance policies.

**Response:**
      American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period,

specific description or other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 16.

41.      Copies of any guidelines or documents that establish ratios or charts that compare net worth and face values for any policies issued by AIG.

**Response:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 19.

42.      Copies of all documents communicated by or to AIG concerning the sale of High Value Life Insurance policies from January 1, 2002 to the present.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous because it is subject to alternate and potentially conflicting interpretations.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly

broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege. American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and is therefore subject to the attorney work product doctrine. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery. American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 20, and 27-29.

43.     Copies of internal documents regarding the rescission of policies or denial of coverage or denial of a claim on the basis of financial misrepresentation, financial statements made in the policy application or on the basis of other life insurance available on the life of the insured.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information. American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation. American General further objects to this request on the

grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 22.

44.     Copies of all documents discussing the impact or materiality of financial misrepresentations on the risk or hazard assumed by a life insurer.

**Response:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents and information upon which American General might rely at the time of trial concerning materiality of the financial misrepresentations at issue prior to the close of discovery.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 24.

45.     Copies of any correspondence between AIG and any reinsurer concerning financial misrepresentation in policy applications.

**Response:**

American General objects to this request on the grounds and to the extent that it is vague and ambiguous insofar as it is subject to alternate and potentially conflicting interpretations.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by

relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.   American General further objects to this request on the grounds and to the extent that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds and to the extent that it duplicative of previous requests for documents, including but not limited to the request numbered 29.


46.     All statements made by any party, or any agent, employee or representative of a party named herein, whether written, oral videotaped, audiotaped, and/or by any other recording medium concerning this action.  If oral, set forth the substance of the statement.

**Response:**
        American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it is duplicative of a previous request.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.  Further responding, American General may also rely upon any and all admissions and/or statements against interest of defendants or any third party that has been or may be disclosed in the course of this litigation and continuing discovery, including but not limited to, in: pleadings filed by any party or non-party; answers to interrogatories, requests for admission, requests for production submitted by any party and documents produced in response thereto; responses to subpoenas issued or answered by and party or non-party; testimony of any party or non-party in any formal or informal proceeding in this or any other action; oral or written statements of any party or non-party, or; any other process or proceeding.

47.     A true and accurate copy of each photograph, video tape, or other visual recording associated with this action.

**Response:**
American General objects to this request on the grounds and to the extent that it is vague and ambiguous because the term/phrase "associated with this action" is subject to alternate and potentially conflicting interpretations.   American General further objects to this request on the ground that it is duplicative of a previous request.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General.  American General further objects to this request on the grounds that it is premature insofar as it calls for the full and complete disclosure of all documents upon which American General might rely at the time of trial prior to the close of discovery.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.  Further responding, American General may also rely upon any document that has been or may be disclosed in the course of this litigation and continuing discovery, including but not limited to, in: pleadings filed by any party or non-party; answers to interrogatories, requests for admission, requests for production submitted by any party and documents produced in response thereto; responses to

subpoenas issued or answered by and party or non-party; testimony of any party or non-party in any formal or informal proceeding in this or any other action; oral or written statements of any party or non-party, or; any other process or proceeding.

      48.     All documents concerning any of the following AIG insureds:

      a.     Lily Buchsbaum
      b.     Sarah Perlstein
      c.     Lean Deblasio
      d.     Judith Liebowitz
      e.     Olga Rozencweig
      f.     Edith Wolpin
      g.     Tsvi Klein
      h.     Risha Goldklang
      i.     Rachelle Kremer
      j.     Judith Rosenthal

**Response:**

      American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation.  American General further objects to this request on the grounds that it calls for the disclosure of the mental impressions of counsel and trial strategy, and is therefore subject to the attorney work product doctrine.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.  American General further objects to this request to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.  American General further objects to this request on the grounds and to the extent that it seeks personal and confidential information concerning other insureds that are not parties to this litigation.  American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records in order to ascertain whether American General is in possession of any responsive information.