WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
Robert P. Lesko
Karen D. Peck
200 Campus Drive
Florham Park, NJ 07932-0668
(973) 624-0800 ph./ (973) 624-0799 fx.
Attorneys for plaintiff, American General Life Insurance Company

|   |   |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ELLMAN SAVINGS IRREVOCABLE TRUST, JEFFREY LEVITIN, ISRAEL KUGIELSKY, CHAIM RUBIN, and JOHN DOES 1-10,<br><br>Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Action No: 3:08-cv-05364-MLC-TJB<br><br>**AMERICAN GENERAL LIFE INSURANCE COMPANY'S RESPONSE TO THE SECOND REQUEST FOR THE PRODUCTION OF DOCUMENTS OF THE ELLMAN SAVINGS IRREVOCABLE TRUST AND JEFFREY LEVITIN, AS TRUSTEE** |

TO:   Ira Lipsius, Esq.
       David BenHaim, Esq.
       Schindel, Farman, Lipsius, Gardner & Rabinovich LLP
       14 Penn Plaza, Suite 500
       New York, New York 10122
       Attorneys for Defendants Ellman Savings Irrevocable Trust and Jeffrey Levitin

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, plaintiff American General Life Insurance Company (hereinafter "American General") objects to and answers the First Request for the Production of Documents propounded by the Ellman Savings Irrevocable Trust and Jeffrey Levitin, as Trustee, as follows:

                      WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP
                      Attorneys for Plaintiff, American General Life Insurance Company

                      By: _____
                            Karen D. Peck

Dated: June 17, 2011

1201821.1

## **GENERAL OBJECTIONS**

The information supplied in these responses is not based solely on the knowledge of the executing party, but includes the knowledge of the party's attorneys, unless privileged.  The word usage and sentence structure is that of the attorneys who prepared these answers and do not purport to be the exact language of the executing parties.  These responses are based on information currently known by American General and its attorneys.  Discovery in this case is ongoing, and American General has not completed its investigation of the facts pertaining to this action, nor has it completed its discovery, or preparation for trial.  American General reserves the right to rely on any facts, documents or other evidence which may develop or come to American General's attention subsequent hereto.  American General's responses are set forth herein without prejudice to American General's right to assert additional objections or supplemental responses should American General discover additional information or grounds for objections.  American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to defendants' improper reference to "AIG" in their Second Request for Production of Documents insofar as there is no entity referred to as "AIG" that is a party or otherwise relevant to this action or any of the claims or defenses asserted herein.  Insofar as practical, American General has assumed that all of defendants' references to "AIG" were inserted in error, and were actually intended to read "American General Life Insurance Company," and American General has responded to the requests on that basis.

American General objects to these requests in their entirety as overly broad, unduly burdensome, vague, vexatious, ambiguous and not reasonably calculated to lead to the discovery of admissible evidence.

American General objects to each request calling for an answer requiring "each", "every", "all", "any", or "each and every" persons, entities, documents, statements, facts or circumstances on the grounds that such requests are vague and ambiguous, overly broad, unduly burdensome, oppressive and vexatious, and that they seek information neither relevant to the subject matter of the action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to this objection, American General will construe these terms and phrases to request that American General use reasonable diligence to locate relevant information or documents, based on an examination of those files that reasonably may be expected to yield relevant information or documents, and inquire of those who may reasonably be expected to possess responsive information or documents.

American General objects to all requests for information regarding "each", "every", "all", "any", or "each and every" person(s), entity(ies), fact(s), circumstance(s), document(s), or statement(s) on the grounds that Plaintiff has not completed its investigation of facts relating to this action.  Discovery and American General's search for documents and related materials is ongoing.  Accordingly, American General reserves the right to rely on any facts, documents or other evidence that may develop or come to American General's attention, subsequent thereto.  American General's responses are set forth herein without prejudice to its right to assert additional objections or supplemental responses should American General discover additional information or grounds for

objections.  Additionally, American General reserves the right to supplement or amend these responses at any time prior to trial of this action.

American General objects to each requests that seeks information with respect to documents or oral communications "relating to", "reflecting", "pertaining to", "concerning", "discussing", "referencing", or "referring to" certain facts or contentions on the grounds that these terms are vague and ambiguous, and do not describe the material sought with sufficient particularity.  American General further objects that requests using these terms are overly broad, unduly burdensome, oppressive and vexatious and that they seek information neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

American General objects to the requests to the extent they impose any duty or obligation upon American General in excess of those duties and obligations imposed by the applicable Rules of Court.

American General objects to all requests to the extent they seek information protected from disclosure by the attorney-client privilege, the attorney work-product doctrine, the self-examination or self-critical analysis privilege, or any other legal privilege or immunity.

American General objects to all requests that seek information in the possession or control of other parties to this action.

American General objects to all requests to the extent that they require American General to detail its legal contentions and supporting facts on the ground that such request are premature at this stage of discovery.

1201821.1

To the extent American General responds to these requests, American General does not concede that the information requested is relevant to this action. American General expressly reserves the right to object to further discover of the subject matter of any of these Requests and the introduction into evidence of any answer or portion thereof, or of any document produced in response to these requests.

American General reserves the right to challenge the competency, relevance, materiality and admissibility of information set forth herein in any subsequent proceeding or the trial of this or any other action and to object on those grounds to the use of these answers in any subsequent proceeding or the trial of this or any other action.

American General objects to all requests to the extent they seek disclosure of confidential, commercial or business information.

The foregoing General Objections are hereby expressly incorporated in each of the following responses to requests, to the extent applicable, and are in addition to any specific objections made in any of the following answers.

1201821.1

## SPECIFIC ANSWERS AND OBJECTIONS

1.     Any emails, letters, or other written communications by or to the following individuals concerning either Chaim Rubin or the Ellman policy:

   a. Sarah Wickes
   b. Lisa Glass
   c. Mark Childs
   d. Leo Grace
   e. Bill Wyong
   f.  Karen Padrucco
   g. Pat Wood
   h. Don Garrow
   i. Jennifer Larson
   j. Paul Kipert
   k. Sherry Walton
   l. Dru Ruiz
   m. Scott Busalacchi

**Response:**

American General objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome because it is not limited by relevant time period, specific description or any other reasonable limitation, and because the search for and production of documents responsive to this request will require expenditure of time, money and resources that would be vastly disproportionate to any potential probative value of any responsive documents.  American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage.  American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request.

2.     All Documents and Communications concerning the investigation of the Chaim Rubin policies as discussed in the email exchange between Scott Busalacchi and Denise Bell identified in the second amended complaint.

1201821.1

**Response:**

American General objects to this request on the grounds that it is vague and ambiguous insofar as it refers to an "investigation" without a description of such investigation sufficient to allow American General to conduct a reasonable search of its records to ascertain the existence of responsive documents. American General objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds that it calls for information the disclosure of which would violate the attorney-client privilege.

Subject to and without waiver of any objections, American General refers defendants to the relevant, non-privileged portions of the claim and underwriting files pertaining to the Policy at issue, as well as documents referenced in connection with American General's Initial Disclosures in connection with this matter, which may contain documents responsive to this request. American General further refers defendants to the documents produced by USCAS in response to American General's subpoena.

3. All documents or communications concerning, discussing or resulting from the 2006 or 2007 decision by AIG to require tax returns during application and the decision rescinding the requirement, including, but not limited to all records and emails maintained, sent, or received by Kent Major, Marketing and Distribution, Brad Gabel, Royce Imhoff, Dennis Roberts, Mr. Cicchi and the Legal Department.

**Response:**

American General objects to this request on the grounds that it is vague and ambiguous insofar as it refers to "the 2006 or 2007 decision by AIG to require tax returns during the application and the decision rescinding the requirement" without a description sufficient to allow American General to conduct a reasonable search of its records to ascertain the existence of responsive documents. American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General further objects to this request on the grounds and to the extent that it seeks confidential and proprietary documents and information, the disclosure of which would violate trade secrets of American General and/or place American General at a competitive disadvantaged and/or cause American General to lose a competitive advantage. American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence. American General further objects to this request on the grounds and to the extent that it is overly broad and unduly burdensome as to respond to said request would require disproportionately time-consuming and expensive search of American General's records.

       4.      A copy of any MIB reports obtained by AIG during the underwriting of the Ellman policy.

**Response:**

American General objects to this request on the grounds that it seeks disclosure of information that is not within the possession, custody or control of American General. American General further objects to this request on the grounds and to the extent that it seeks information that is neither relevant to the claims or defenses asserted by either party in connection with the litigation nor reasonably calculated to lead to the discovery of admissible evidence.

1201821.1