

14 Penn Plaza, Suite 500
New York, New York 10122
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

IRA S. LIPSIUS
Extension 202
Email: ilipsius@lipsiuslaw.com

November 11, 2011

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
For the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

      Re:    **American General Life Insurance Co. v. Ellman Savings Irrevocable Trust**
              **Docket No. 08 CV 5364 (MLC) (TJB)**
              **Our File No. 4206.0002**

Dear Honorable Judge Bongiovanni:

      We represent the defendant Ellman Savings Irr. Trust ("Trust") in the above referenced action.  We write in order to bring to this Court's attention the serious and flagrant discovery violations by plaintiff, American General Life Insurance Co. ("AIG").  AIG's purposeful and malicious thwarting of the discovery process is part of a pattern of abuse evident in many other litigations in the federal court system.  Apparently, AIG attempts to "run the clock" on discovery, refusing to disclose plainly discoverable material, hiding damaging material and refusing to produce witnesses for deposition.  We therefore request a conference for the purpose of seeking sanctions against AIG, including preclusion of evidence and monetary sanctions.

      AIG pursuant to Rule 26, made very limited disclosures on February 24, 2010.  In May 2010 Trust served upon AIG the First Request for Production of Documents and the First Set of Interrogatories (**Exhibit A**).  On March 3, 2011, after AIG interposed its answer to the counterclaim, Trust served a limited Second Request for Production of Documents (**Exhibit B**).  AIG did not timely respond to any of the above requests or the interrogatories.

      On April 6, 2011 a communication was sent to counsel for AIG requesting a response.  (**Exhibit C**).  AIG never responded to the April 6, 2011 communication.  A telephone conference was held before your Honor on May 31, 2011(ECF Entry dated 5/31/11) where, again, a response was requested.  AIG promised that responses were "on their way."  AIG responded to the May 7, 2010 requests on May 31, 2011 and to the March 3, 2011 requests on June 16, 2011.  AIG did not produce a single document in response and instead peppered its "response" with boilerplate, inapplicable and unsubstantiated objections (**Exhibit D**).  After getting repeatedly stonewalled by AIG, on June 24, 2011, a conference was requested by Trust (ECF Entry # 91 - **Exhibit E**).

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 2

In response to the June 24, 2011 letter, the Court ordered the parties to meet and confer. The parties met and conferred on July 18, 2011 and again on July 28, 2011. During the conferences, the requests were narrowed, qualified or withdrawn. AIG advised that it will consider the requests or take them under advisement.

On August 17, 2011, AIG advised that it will produce the documents if Trust was prepared to enter into a confidentiality agreement. AIG provided a form for Trust's approval. The very same day Trust executed the agreement. AIG produced 87 pages, falling far short of the myriad of documents and categories of documents that remain outstanding.

On August 18, 2011, we again appeared before your Honor where we advised that AIG had our narrowed requests under advisement.

On September 28, 2011, we wrote to AIG seeking the outstanding discovery outlining a list of 16 categories of documents that remain unanswered and requested that AIG advise us within seven days whether it will voluntarily produce the documents **(Exhibit F)**. On September 30, 2011, AIG advised that it will respond by the middle of October **(Exhibit G)**. October has come and gone and we are now in mid November with no response from AIG. Facing a December 1, 2011 discovery deadline, on November 1, 2011, I wrote to counsel for AIG.

> It has now been a month since my letter to you concerning long outstanding discovery and two weeks after the date we were told to expect a response. I do not want to be accused of hastily running to the Court but am at a loss as to what to do in order to get your client to voluntarily participate in discovery. Kindly advise whether your client intends on producing the documents listed in the letter.

**(Exhibit H)**

On November 3, 2011, AIG responded with *19* pages of documents, none of which even came close to responding to the 16 categories of documents that remain outstanding.

AIG has refused to cooperate in scheduling the depositions of its witnesses by failing to provide dates for those depositions.

Further, Trust cannot conduct depositions without production of documents by AIG. AIG has failed to produce relevant documents including basic documents such as emails. Trust has identified 16 categories of documents which it requires **(Exhibit F)**. As discussed with counsel for AIG in over four hours of meetings, each one of the 16 categories is vital to defendant's ability to defend itself and prosecute its claims. At the most basic are emails. Incredibly, AIG has failed to produce *any* emails. Statistically, "the use of email by professionals has increased 78 percent over the past five years. Nearly 83 percent surveyed use email as a primary communication tool for business." How We Work: Communication Trends of Business Professionals (2010) (http://www.accountingweb-cgi.com/whitepapers/How-We-Work.pdf).

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 3

Indeed, a litigant that refuses to produce emails is essentially refusing the production of an overwhelming majority of its communications concerning an issue.

AIG also refused to produce *any* documents relating to the investigation of defendant Chaim Rubin. That investigation took place shortly after the policy was issued, wherein AIG determined that the Ellman policy was viable despite AIG belief, at the time, that the application contained the very misrepresentations it now claims allow it to rescind the policy and refuse to pay the $10 million death benefit; the very subject of this litigation. It should not go unnoticed that this investigation was key to defendants' counterclaims.

If this Court would like, we can detail each and every category and why the documents are vital to defendant's case (and detrimental to plaintiff).

This abuse of the discovery process is part of a pattern of contempt displayed by AIG in similar litigations. See, *Sussex* (**Exhibit I**), *Spira* (**Exhibit J**), *Grunhut* (**Exhibit K**).

Pursuant to Local Rule 37.1(a)(1) we have conferred with counsel for AIG as set forth above. We also wrote counsel for AIG requesting a response before filing this letter. No response was received (**Exhibit L**). Moments after this letter was originally filed, counsel for AIG offered to meet next week to discuss these 16 categories but will not commit to producing them by a certain date.

Accordingly, we respectfully seek an order as follows:

Dismissal of the complaint and granting of judgment on the counterclaim.

In the alternative, AIG be precluded from presenting any evidence at trial.

In the alternative:

1. Extending Trust's discovery period against AIG for 60 days from the date AIG fully responds to all discovery issues raised in this letter.

2. AIG must respond, satisfactorily, within 10 days, to the 16 categories identified in the September 28, 2011 letter without objection;

3. AIG must produce all witnesses noticed for deposition within the District of New Jersey within 30 days of satisfactory responses described in the preceding paragraph;

4. At least 14 days prior to the Larry Ellman deposition, AIG must produce the recordings it possesses of Larry Ellman and Irving Ellman and all documents referring to Larry Ellman. Failure to do so shall be deemed waiver of the Larry Ellman deposition and preclude the raising of any issue relating to Larry Ellman;

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 4

    5.    AIG must pay defendant's attorney fees in making this application; and

    6.    Failure by AIG to strictly comply with this order shall result in an order precluding AIG from producing any evidence at trial or as part of any substantive motion brought by any party.

We thank the Court for its attention to this matter.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius

ISL:bl
Enclosures