# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

200 Campus Drive, Florham Park, New Jersey  07932-0668   Tel: 973.624.0800   Fax: 973.624.0808
One Gateway Center, Suite 2600, Newark, New Jersey  07102

*Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach • White Plains
Limited Liability Partnership of NY
Affiliates:  Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

JAMES CRAWFORD ORR
WILLIAM J. RIINA
THOMAS F. QUINN
BARBARA HOPKINSON KELLY
CAROLYN F. O'CONNOR
KENNETH M. BROWN
DANIEL F. FLORES
KURT W. KRAUSS
MICHAEL J. NAUGHTON
JOSEPH A. GALLO
ROBERT A. BERNS
KELLY A. WATERS
BRIAN J. WHITEMAN
SUSAN KARLOVICH
MATTHEW S. MAHONEY
KEVIN C. DONOVAN
JAMES S. REHBERGER

JOSEPH T. HANLON
ROBERT LESKO
RENEE J. SHERMAN
ROBERT T. GUNNING
GREGG S. KAHN
MAXWELL L. BILLEK
JOANNA PIOREK

OF COUNSEL
ROBERT C. NEFF, JR.
JOHN P. O'TOOLE
SUNA LEE
CHRISTOPHER W. McCLANAHAN
LINDA K. SMITH
TANA BUCCA
PAUL E. PARAY
KIM M. CONNOR

KEITH G. VON GLAHN (1952-2007)

www.wilsonelser.com

KURT H. DZUGAY
GINA CALABRIA
JOHN W. WILLIAMS
SHAUN S. McGREGOR
PETER A. SWIFT
ERIC T. EVANS
GREGORY T. FOOTE
JULIE VON BEVERN
BRUCE W. MCCOY, JR.
DANIEL E. ZEMSKY
C. TY NGUYEN
JESSICA BRENNAN
KAREN D. PECK

JOHN W. ROESER
STEPHANIE RUFFO
LOUIS PERAGGINE
ANDREW F. BAIN
BRENDAN P. MCCARTHY
CHARLES KELLETT
PAUL J. MILLER
ANTHONY RAPA
AMEE SAMPAT
ANTHONY J. DRAGONE
EMILY WEISSLITZ
JOBIL P. CYRIAC

December 1, 2011

**Via ECF**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> Re:   *American General Life Ins. Co. v. Ellman Savings Irrevocable Trust et al.*
>        Docket No. 08-cv-5364
>        Our File No. 07478.00537

Dear Judge Bongiovanni:

This letter will confirm that the telephone status conference scheduled for November 30 has been rescheduled for December 2 at 11:30.  We will initiate the call.  We also write on behalf of American General in response to Mr. BenHaim's letter of November 29, which in our view contains significant misstatements about the discovery in this case and other cases.

Contrary to statements contained in the November 29 letter:

- American General did not refuse to produce emails related to the policy at issue; a search for any such emails is underway and will be produced as appropriate;
- No American General underwriter rendered the testimony described in the November 29 letter at page 2;
- There was no investigation of Rubin until shortly before this proceeding commenced;
- American General was required to search and produce other policy applications in only one other case (*Deutsch*)[1]; United States Life, not American General, was

---

[1] American General was tentatively ordered to search and produce more limited applications for other policies in another case (*Altman*), but Judge Salas expressly invited a motion for protective order in the event the search and

1296860.1

To:
December 1, 2011
Page 2

- required to produce other policy applications in one other case (*Grunhut*);
- For <u>every single application</u> produced in *Deutsch* and *Grunhut*, the insurer required and obtained information on the insured's income and net worth, and either offered or declined to issue a policy in accordance with their financial underwriting guidelines

The Court's management of discovery should, of course, be informed by the essential issues in the case. It bears noting, therefore, that this case arises out of defendants' undisputed intentional fraud in the application for a $10 million policy. Trust defendants concede that "the heart of the Trust's defense…are allegations that…certain underwriters at AIG [sic] did not consider the insured's financial condition to be material…" They do not deny the fraud. They say *certain <u>unidentified</u> underwriters* at American General didn't care, but all the evidence demonstrates that American General certainly did care, and the specific underwriters in this case relied on the honesty of the insured in issuing this policy. Defendants' ultimate argument boils down to a bold concession that they committed intentional fraud in the application, but that American General is somehow to blame because it should have caught them. This argument is repugnant to law and policy. The discovery defendants seek is ostensibly intended to support it. The Court should not accommodate it, through discovery or otherwise.

There now remains in dispute only three categories of documents that defendants seek form American General and American General contends are improper:

1. Applications for other policies issued by American General over a three-year time period insuring individuals aged 75 and up in the amount of $5 million or more;
2. Documents relating to policies issued to other insureds for whom Chaim Rubin was the broker; and
3. Internal correspondence regarding implementation of tax return underwriting requirements.

Discovery of other policy information is irrelevant and disproportionately burdensome for the following reasons:

a. American General's conduct in other cases has no bearing on its election to enforce its rights in this case. Waiver in one case does not equate to waiver in all cases; indeed lack of insurable interest cannot be waived in any event. Defendants are required by common law and the New Jersey Insurance Fraud Prevention Act to submit truthful answers in the application, even if American General completely disregarded financial information in connection with the formation of other contracts (which it did not).

b. Materiality of representations and reasonableness of reliance is judged on a prospective basis (not with the aid of hind sight) and accordance with an objective

---

production proved onerous. American General so moved, and the case settled when new counsel substituted for the Trust while the motion was pending.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1296860.1

   standard (a *reasonable insurer* would have considered the fact relevant and important). *Lincoln Nat'l Life Ins. Co. v. Calhoun,* 596 F. Supp. 2d 882, 887-888 (D.N.J. 2009). What American General did in other cases does not affect this analysis.

  c. Discovery of other applications would require production of entire underwriting files (not just the applications) to actually determine whether American General obtained and acted in accordance with financial information prior to rendering a decision to issue or decline. This would necessitate dozens of burdensome and distracting mini-trials. *Leksi, Inc. v. Federal Ins. Co.*, 129 F.R.D. 99, 105-106 (D.N.J 1989) (refusing discovery regarding treatment of other insured's claims).

  d. Other courts have declined to require discovery of other policies such as that sought by the defendants here. *Amer. Gen. Life Ins. Co. v. Mann*, 1:09-cv-434-GMS; *Amer. Gen. Life Ins. Co. v. Diana Spira 2005 Irr. Life Ins. Tr.,* 7:08-cv-06843-KMK (SDNY).

 Discovery regarding underwriting requirements subsequently implemented by American General is, likewise, irrelevant and disproportionately burdensome because:

  a. The requirement came after the subject policy was issued, and therefore had absolutely no affect on this case;

  b. American General is entitled to assume that prospective insureds will answer truthfully regarding income and net worth in an application; therefore, not requiring proof of representation does not demonstrate a disregard for truth;

  c. There are countless legitimate business reasons for making submission of an applicant's tax returns discretionary for the underwriter: an individual's legitimate interest in personal financial privacy, other measures effectuated to address the then-emerging phenomenon of STOLI, etc.;

  d. The search for internal communications presents significant challenges concerning formulation of a reasonably targeted search.

 For all of these reasons, we respectfully request the Court's guidance and assistance in reasonably limiting defendants discovery directed to American General and compelling defendants to cooperate with respect to the limited outstanding discovery sought by American General.

 We genuinely appreciate Your Honor's continued attention and assistance in connection with this matter.

    Respectfully,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1296860.1

                    WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

                    ___*s/Robert P. Lesko*_____
                    Robert Lesko

RPL:kdp
cc:    Ira Lipsius, Esq. (via ECF
       David BenHaim, Esq. (via ECF)
       Daniel Grossman, Esq. (via ECF)