# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

200 Campus Drive, Florham Park, New Jersey 07932-0668   Tel: (973) 624-0800   Fax: (973) 624-0808
One Gateway Center, Suite 2600, Newark, New Jersey 07102

*Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach • White Plains
Limited Liability Partnership of NY
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

JAMES CRAWFORD ORR
WILLIAM J. RINA
THOMAS F. QUINN
BARBARA HOPKINSON KELLY
CAROLYN F. O'CONNOR
KENNETH M. BROWN
DANIEL F. FLORES
KURT W. KRAUSS
MICHAEL J. NAUGHTON
JOSEPH A. GALLO
ROBERT A. BERNS
KELLY A. WATERS
BRIAN J. WHITEMAN
SUSAN KARLOVICH
MATTHEW S. MAHONEY
KEVIN C. DONOVAN
JAMES S. REHBERGER

JOSEPH T. HANLON
ROBERT LESKO
RENEE J. SHERMAN
ROBERT T. GUNNING
GREGG S. KAHN
MAXWELL L. BILEK
JOANNA PIOREK

OF COUNSEL
ROBERT C. NEFF, JR.
JOHN P. O'TOOLE
SUNA LEE
CHRISTOPHER W. McCLANAHAN
LINDA K. SMITH
TANA BUCCA
PAUL E. PARAY
KIM M. CONNOR

www.wilsonelser.com

KURT H. DZUGAY
GINA CALABRIA
JOHN W. WILLIAMS
SHAUN S. McGREGOR
PETER A. SWIFT
ERIC T. EVANS
GREGORY T. FOOTE
JULIE VON BEVERN
BRUCE W. MCCOY, JR.
DANIEL E. ZEMSKY
C. TY NGUYEN
JESSICA BRENNAN
KAREN D. PECK

JOHN W. ROESER
STEPHANIE RUFFO
LOUIS PIRAGGINE
ANDREW F. BAIN
BRENDAN P. MCCARTHY
CHARLES KELLETT
PAUL J. MILLER
ANTHONY RAPA
AMEE SAMPAT
ANTHONY J. DRAGONE
EMILY WEISSLITZ
JOBIL P. CYRIAC

KEITH G. VON GLAHN (1952-2007)

December 13, 2011

**Via ECF**

Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

    Re:   *American General Life Ins. Co. v. Ellman Savings Irrevocable Trust et al.*
            **Docket No. 08-cv-5364**
            **Our File No. 07478.00537**

Dear Judge Bongiovanni:

    We write on behalf of American General Life Insurance Company ("American General") for Your Honor's assistance in enforcing a subpoena directed to Lawrence Ellman, a key non-party fact witness, and to preclude further interference with the deposition from defendants' counsel. The deposition commenced on Monday, December 5, 2011; however, as soon as the deposition commenced, defendants' counsel (David BenHaim, Esq.) interrupted to state that Mr. Ellman would be recalled for another deposition at the conclusion of document discovery and to demand to "*voir dire*" Mr. Ellman regarding his mental capacity before the deposition proceeded. As a result of this interruption, Mr. Ellman's attorney (Jan Meyer, Esq.) refused to allow the deposition to proceed pending the conclusion of discovery. Mr. Meyer has not moved for a protective order, and there is no valid basis for delaying the deposition. We respectfully request that Your Honor direct that Mr. Ellman's deposition shall proceed immediately and that defense counsel must wait his turn to cross examine Mr. Ellman regarding all subject matters, including mental capacity.

    As a matter of litigation strategy, American General has resolved to conduct Mr. Ellman's deposition first in time, before all other fact witnesses. Mr. Ellman is the son of the deceased

1301743.1

To: Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 13, 2011
Page 2

insured. He lived with the insured for many years including at the time of the insured's death. Mr. Ellman also was presented to American General as the insured's accountant at the time of the application for the policy at issue, and he purportedly verified the insured's income and net worth, which American General alleges were grossly misrepresented on the application. Mr. Ellman is a key witness in this case, and therefore, American General wishes to proceed with his deposition immediately. We believe that Mr. Ellman may possess first-hand knowledge of facts that could result in a swift and decisive resolution of this case, either through dispositive motion or settlement.

We served a subpoena upon Mr. Ellman on February 16, 2011.[1] Despite efforts to schedule a mutually convenient time and place for the deposition, Mr. Ellman refused to appear until he was able to retain counsel to represent him at the deposition. After many unsuccessful attempts to reschedule the deposition, Your Honor entered an order dated November 4, 2011 compelling Mr. Ellman to appear. Mr. Ellman finally secured Mr. Meyer as counsel, and the deposition was scheduled to proceed at Mr. Meyer's office on December 5.

After a brief introduction on the record at the deposition, Mr. BenHaim demanded to make a statement. Over our objection, Mr. BenHaim proceeded to "reserve [defendants'] right to retake the deposition of Larry Ellman once the additional discovery is produced." Ex. A (Deposition) at 3:24. Mr. BenHaim then represented to Mr. Meyer that Your Honor "indicated that discovery should be stayed. At that point counsel for American General requested that the Ellman deposition proceed. We did not object, and continue to not object but we did preserve our right and continue to do so." *Id.* at 11:24-12:18. As a result of Mr. BenHaim's statement, Mr. Meyer refused to allow the deposition to proceed until discovery is otherwise completed. *Id.* at 21:15-23:12.

There is no requirement in the rules that document discovery must be complete before depositions proceed. In fact, deposition testimony often leads to discovery of additional documents. Your Honor noted during a telephone conference on December 2 that Mr. Ellman *might* be subject to further subpoena *if* there is additional material produced in discovery and there is good cause to recall him. But this is true for any witness in all cases. Fed. R. Civ. Pro. 30(a)(2); *See also V. Mane Fils, S.A. v. Int'l Flavors & Fragrances, Inc.*, 2010 U.S. Dist. LEXIS 45645 (D.N.J. May 6, 2010) (where party was permitted to take second deposition of witness when new information had been produced in discovery). That does not preclude American General from proceeding with the deposition now. Mr. Ellman's testimony may be dispositive. At a minimum, he is likely to possess knowledge of facts that are not known to any other witness or revealed in any document of which American General is currently aware. Therefore, American General should be permitted to proceed with the deposition now.

In addition to this interruption, Mr. BenHaim insisted that he be permitted to conduct *voir dire* with respect to Mr. Ellman's mental capacity before counsel for American General would be

---

[1] As a result of miscommunication regarding scheduling, Mr. Ellman appeared in response to the subpoena on March 7, 2011, but none of the other attorneys and no court reporter were present. We advised Mr. Ellman of the miscommunication, apprized him of the nature of the lawsuit, and agreed to reschedule the deposition at a time mutually acceptable to him and all counsel.
ILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1301743.1

To: Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 13, 2011
Page 3

permitted to proceed with questioning. Ex. A at 13:11-14:4; 16:24-18:8. American General objected to this interruption, and attempted to contact the Court for guidance regarding these issues, but Your Honor was not immediately available. In order to facilitate proceeding with the deposition, we agreed to a compromise regarding the *voir dire* issue, subject to Mr. Ellman's agreement to proceed; however, Mr. Meyer would not permit the deposition to proceed at that time. *Id.* 20:22-23:12.

Defendants' purported concerns regarding Mr. Ellman's mental capacity are not grounds to preclude deposition testimony (or even trial testimony). *See United States v. Phibbs*, 999 F.2d 1053 (6th Cir. Ky. 1993) (holding trial court did not err in permitting psychiatric patients to testify upon evidence that they were at least minimally capable of offering reliable evidence and that any possible weaknesses in their testimony went to their credibility and could be disputed by opposing party's testing witnesses' powers of observation). Defendants will have an opportunity to cross examine Mr. Ellman at the conclusion of the deposition, and any concerns that they have regarding competence can be raised later by way of motion *in limine* or other evidentiary motion or argument regarding credibility before the trier of fact. Even if Mr. Ellman were to be found incompetent to testify at trial, his testimony is reasonably likely to lead to the discovery of admissible evidence, and American General should therefore be permitted to proceed with the deposition without interference from defendants. *See United States v. Jones*, 482 F.2d 747 (D.C. Cir. 1973) (the viewpoint that it is better not to exclude a witness for mental incapacity or immaturity, but to let the evidence come in for what it is worth, with cautionary instructions, though the tribunal is unskilled and the testimony is difficult to weigh, is reflected in Supreme Court Rule 601 and in the accompanying Advisory Committee Note).

Therefore, American General should not be required to wait until the close of discovery to pursue Mr. Ellman's testimony, which was subpoenaed nearly one year ago. Nor should defense counsel be permitted to interfere with deposition questioning based upon suspicion of incompetence. We respectfully request that Mr. Ellman be ordered to appear immediately for deposition and all other counsel wait their turn to question him.

We appreciate the Court's continued assistance in connection with this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*s/Robert P. Lesko*
Robert Lesko

RPL:kdp
cc:   Ira Lipsius, Esq. (via ECF)
      David BenHaim, Esq. (via ECF)
      Daniel Grossman, Esq. (via ECF)
      Jan Meyer, Esq. (via email)

ILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1301743.1