

LIPSIUS –BENHAIM
LAW, LLP

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

DAVID BENHAIM
Direct Line: 212-981-8446
Email: dbenhaim@lipsiuslaw.com

December 16, 2011

Hon. Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
402 East State Street, Room 2020
Trenton, NJ 08608

> **Re:   American General Life Ins. Co. v. Ellman Savings Irr. Trust et al.**
> **Docket No. 08-cv-5364**
> **Our File No. 4206.0002**

Dear Judge Bongiovanni:

We write in response to that portion of the letter by counsel for American General Life Insurance Company ("AIG"), dated December 13, 2011, which seeks to "preclude further interference with the deposition" of Larry Ellman.

It is difficult to ascertain both the nature of AIG's complaints and the relief it seeks from this Court. First, AIG complains that defense counsel "'interrupted' to state that Mr. Ellman would be recalled for another deposition at the conclusion of document discovery." As the rough transcript plainly confirms, however, we did not object to the deposition going forward and simply stated on the record that we reserved our right to recall Mr. Ellman for his deposition. This is precisely what the Court advised AIG's counsel during the telephone conference held on December 2, 2011, and repeated on the record at p. 4, lines 3-22, and p. 11, lines16-23. AIG's request that counsel for defendants be precluded from making a statement reserving their rights prior to questioning is not only unsupported by the law but also completely lacks reasoning. The deposition was not disrupted by the reservation of right statement and was set to proceed after the 30-second statement was placed on the record by defense counsel. It was Mr. Lesko who disrupted the deposition at p  5, lines 11-24 and p.7, lines 8-25 and refused to go forward until he telephoned the court to "make some rulings" about "colloquies." Instead of allowing the benign statement on the record and proceeding with the deposition, Mr. Lesko inexcusably disrupted the proceedings to seek judicial intervention about this non-issue.

Next, AIG seeks to preclude counsel for the defendants from asking any questions at the outset of the deposition in order to establish that Mr. Ellman is at least minimally capable of offering reliable testimony. This *voir dire* is necessary and routine in every case but even more so here where Mr. Ellman is in the permanent care of an adult home and has appeared and communicated through a mental health case manager. The possibility that Mr. Ellman did not possess the capacity to understand where he was and what he was doing there was apparent and thus, establishing capacity is vital to this non-videotaped deposition.

LIPSIUS-BENHAIM LAW, LLP

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 16, 2011
Page 2

This request by counsel for the Trust could not have possibly been disruptive to the deposition as it was made during a break off the record as repeated on p.17, line 4 through p.18, line 8. Moreover, counsel for AIG and counsel for the Trust already reached an agreement on the issue which was placed on the record at page 21, line 2 through line 13. It was agreed between the parties that Mr. Lesko will begin by establishing minimal capacity to testify and only if counsel for the defendants felt that the questioning failed to properly address capacity, a few additional questions limited to capacity will be presented by counsel for defendants.  The present request to this Court to unconditionally preclude defendants' counsel from establishing Mr. Ellman's capacity to testify (or lack thereof) even in the event AIG's counsel fails to do so, not only violates the basic tenets of the rules of evidence but also the agreement between the parties placed on the record.

Federal Rule of Evidence 601, Competency to Testify in General, provides in relevant part that "in a civil case, state law governs the witness's competency regarding a claim or defense for which state law supplies the rule of decision." New Jersey Rule of Evidence 601, in turn, provides that a person is considered incapable of testifying if "(a) the judge finds that the proposed witness is incapable of expression concerning the matter so as to be understood by the judge and jury either directly or through interpretation, or (b) the proposed witness is incapable of understanding the duty of a witness to tell the truth, or" is otherwise disqualified by rule or law. In order to establish a foundation upon which Mr. Ellman can be deposed, Mr. Ellman must be capable of his duty to tell the truth.

Based upon statements made by Mr. Ellman prior to the commencement of litigation, AIG now believes that Mr. Ellman's testimony will bolster its case but in order to establish a foundation upon which testimony can be taken from Mr. Ellman, a few questions establishing his capability to understand the nature of the proceedings and his obligation to tell the truth are necessary, especially in light of Mr. Ellman's apparent incapacity. Thus, it is respectfully submitted that this Court not disturb the agreement reached between the parties wherein Mr. Ellman's capacity to testify be established as follows: AIG will lay the foundation of Mr. Ellman's capacity and if defendants' counsel feel that capacity has not been established, defendants' counsel will have the opportunity to ask a few questions limited to Mr. Ellman's capacity to understand the proceedings and his ability to tell the truth.

AIG seeks to disturb Mr. Ellman by subjecting him to multiple depositions without any justification to do so. Although defendants do not object to Mr. Ellman's deposition proceeding at this time subject to defendants' right to recall Mr. Ellman, it is important to note that Mr. Ellman has not been difficult to take for a deposition. Quite the opposite is true. AIG's suggestion that Mr. Ellman has "refused to appear until he was able to retain counsel" is belied by the history of this matter and is now irrelevant as he is represented by counsel. As Mr. Lesko points out in a footnote, Mr. Ellman appeared on March 7, 2011 in AIG's counsel's office in response to a subpoena, on the date first subpoenaed, without counsel and prepared to testify. AIG was not prepared to take his deposition at that time. He is also presently in the care of a home, Ohel, which has had its attorney, Adam Lancer, involved and who has always been responsive. Mr. Ellman is also now represented by independent counsel, Jan Meyer, retained for

LIPSIUS-BENHAIM LAW, LLP

Hon. Tonianne J. Bongiovanni, U.S.M.J.
December 16, 2011
Page 3

Mr. Ellman by Ohel and who has been and continues to be professional, cooperative and responsive. AIG will not be prejudiced in any way if its deposition of Ellman is held at the same time all other depositions are held as part of structured discovery, after documents long withheld by AIG are produced.

                              Very truly yours,

                              LIPSIUS-BENHAIM LAW, LLP

                              David BenHaim

DBH:bl