

80-02 Kew Gardens Road
Kew Gardens, NY 11415
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

Direct Line: 212-981-8446
Email: dbenhaim@lipsiuslaw.com

January 23, 2012

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
For the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> Re: **American General Life Insurance Co. v. Ellman Savings Irrevocable Trust**
> **Docket No. 08 CV 5364 (MLC) (TJB)**
> **Our File No. 4206.0002**

Dear Honorable Judge Bongiovanni:

We represent the Ellman saving Irr. Trust. On June 24, 2011 we first requested Your Honor's assistance in having plaintiff, American General Life Insurance Company ("AIG") participate in discovery (ECF Docket Entry 91). Your Honor thereafter ordered the parties to meet and confer in an attempt to resolve or narrow the issues.

On November 11, 2011 we wrote Your Honor again, outlining the repeated attempts we have made to secure AIG's cooperation, including hours spent meeting and conferring on the issues. Our efforts have been completely fruitless. A copy of our November 11, 2011 letter is attached as Exhibit A and is incorporated by referenced herein.

On December 2, 2011, Your Honor placed a strict deadline of January 17, 2012 by which AIG was to produce whatever documents it was going to voluntarily and ordered the parties to brief whatever issues remained outstanding. We regret to inform the court that on January 17, 2012 AIG did not produce any documents. On Monday, January 16, 2012, counsel for AIG wrote us advising that "Our client has experienced some technical difficulties in conducting the [email] searches, but we expect to be able to complete that email search and production within the next 10-14 days. We had hoped to be able to reach you tomorrow to discuss that and the other remaining discovery issues, but I understand from other correspondence with Ira today that you may be out of the office this week recovering from surgery." A copy of AIG's email is attached as Exhibit B.

In response, on January 17, 2012, Ira Lipsius advised:

Honorable Tonianne J. Bongiovanni, U.S.M.J.
January 23, 2012
Page 2

> The issues of your client's production go far further than emails. Before even considering an extension for the emails I would like to know what else is is being produced, a listing of what, if anything, your client is refusing to produce and I would like a production by the court's deadline of all items which are available, or should have been available. With regard to anything for which an extension is being requested, I would like specific representations as to the reason for the delay and what efforts were made to produce the documents on a timely basis.
>
> Regarding a "compromise," in the Ellman action there are no further discussions, compromises have been attempted without success; the court stated that your client is to produce everything that it is prepared to produce and then our client will file its objection. Please provide the production, a list of privileged documents and what, if anything your client will no produce.

A copy of the January 17, 2012 email is attached as Exhibit C.

The day after the deadline given by this Court for AIG to make its complete production, counsel for AIG responded that it will begin a series of document responses beginning with its production of emails (based on its own search criteria which it did not divulge) by today with production continuing through February 29, 2012. A copy of AIG's response is attached as Exhibit D.

Earlier today we received heavily redacted portions of the underwriting files maintained by AIG for the policies issued to Kremer, Goldglang and Rosenthal, which AIG alleged in the amended complaint, formed part of its RICO claim. AIG did not produce a privilege log of the redacted materials, did not produce any documents pertaining to the investigation of these policies' alleged STOLI purpose or any emails exchanged by anyone concerning the policies but rather over 75% of the production contained the insured's medical records, which were never alleged to be false. In sum, it was a production meant to give the appearance of a production, while the relevant materials were withheld.

AIG's partial response to one of sixteen categories that remain outstanding is completely unacceptable.

AIG's refusal to comply with this court's December 2, 2011 order is yet another display of AIG's complete contempt of this court's orders, the Federal Rules of Civil procedure and the officers of this court. We therefore renew our request made in the November 11, 2011 letter that the trust be granted an order as follows:

Dismissal of the complaint and granting of judgment on the counterclaim.

In the alternative, AIG be precluded from presenting any evidence at trial.

Honorable Tonianne J. Bongiovanni, U.S.M.J.
January 23, 2012
Page 3

In the alternative:

1. AIG must respond, satisfactorily, within 10 days, to the 16 categories identified in the September 28, 2011 letter without objection;

2. AIG must produce all witnesses noticed for deposition within the District of New Jersey within 30 days of satisfactory responses described in the preceding paragraph;

3. AIG must pay defendant's attorney fees in making this application; and

4. Failure by AIG to strictly comply with this order shall result in an order precluding AIG from producing any evidence at trial or as part of any substantive motion brought by any party.

In addition, Your Honor's chambers requested that the parties submit an amended scheduling order. If the Trust's request for dismissal of the complaint is denied, the parties would need to enter into a new scheduling order. We are unable, however, at this time to predict when or if AIG will produce all outstanding documents which will then allow the parties to conduct party depositions and expert discovery.

We therefore respectfully request a conference before Your Honor in order to set an amended scheduling order.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

David BenHaim

DB:bl
Enclosures

# EXHIBIT A



**LIPSIUS –BENHAIM**
**LAW, LLP**

14 Penn Plaza, Suite 500
New York, New York 10122
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

IRA S. LIPSIUS
Extension 202
Email: ilipsius@lipsiuslaw.com

November 11, 2011

<u>*VIA ECF*</u>

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
For the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

    Re:    <u>American General Life Insurance Co. v. Ellman Savings Irrevocable Trust
               Docket No. 08 CV 5364 (MLC) (TJB)
               Our File No. 4206.0002</u>

Dear Honorable Judge Bongiovanni:

       We represent the defendant Ellman Savings Irr. Trust ("Trust") in the above referenced action. We write in order to bring to this Court's attention the serious and flagrant discovery violations by plaintiff, American General Life Insurance Co. ("AIG"). AIG's purposeful and malicious thwarting of the discovery process is part of a pattern of abuse evident in many other litigations in the federal court system. Apparently, AIG attempts to "run the clock" on discovery, refusing to disclose plainly discoverable material, hiding damaging material and refusing to produce witnesses for deposition. We therefore request a conference for the purpose of seeking sanctions against AIG, including preclusion of evidence and monetary sanctions.

       AIG pursuant to Rule 26, made very limited disclosures on February 24, 2010. In May 2010 Trust served upon AIG the First Request for Production of Documents and the First Set of Interrogatories (**Exhibit A**). On March 3, 2011, after AIG interposed its answer to the counterclaim, Trust served a limited Second Request for Production of Documents (**Exhibit B**). AIG did not timely respond to any of the above requests or the interrogatories.

       On April 6, 2011 a communication was sent to counsel for AIG requesting a response. (**Exhibit C**). AIG never responded to the April 6, 2011 communication. A telephone conference was held before your Honor on May 31, 2011(ECF Entry dated 5/31/11) where, again, a response was requested. AIG promised that responses were "on their way." AIG responded to the May 7, 2010 requests on May 31, 2011 and to the March 3, 2011 requests on June 16, 2011. AIG did not produce a single document in response and instead peppered its "response" with boilerplate, inapplicable and unsubstantiated objections (**Exhibit D**). After getting repeatedly stonewalled by AIG, on June 24, 2011, a conference was requested by Trust (ECF Entry # 91 - **Exhibit E**).

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 2

In response to the June 24, 2011 letter, the Court ordered the parties to meet and confer. The parties met and conferred on July 18, 2011 and again on July 28, 2011. During the conferences, the requests were narrowed, qualified or withdrawn. AIG advised that it will consider the requests or take them under advisement.

On August 17, 2011, AIG advised that it will produce the documents if Trust was prepared to enter into a confidentiality agreement. AIG provided a form for Trust's approval. The very same day Trust executed the agreement. AIG produced 87 pages, falling far short of the myriad of documents and categories of documents that remain outstanding.

On August 18, 2011, we again appeared before your Honor where we advised that AIG had our narrowed requests under advisement.

On September 28, 2011, we wrote to AIG seeking the outstanding discovery outlining a list of 16 categories of documents that remain unanswered and requested that AIG advise us within seven days whether it will voluntarily produce the documents **(Exhibit F)**. On September 30, 2011, AIG advised that it will respond by the middle of October **(Exhibit G)**. October has come and gone and we are now in mid November with no response from AIG. Facing a December 1, 2011 discovery deadline, on November 1, 2011, I wrote to counsel for AIG.

> It has now been a month since my letter to you concerning long outstanding discovery and two weeks after the date we were told to expect a response. I do not want to be accused of hastily running to the Court but am at a loss as to what to do in order to get your client to voluntarily participate in discovery. Kindly advise whether your client intends on producing the documents listed in the letter.

**(Exhibit H)**

On November 3, 2011, AIG responded with *19* pages of documents, none of which even came close to responding to the 16 categories of documents that remain outstanding.

AIG has refused to cooperate in scheduling the depositions of its witnesses by failing to provide dates for those depositions.

Further, Trust cannot conduct depositions without production of documents by AIG. AIG has failed to produce relevant documents including basic documents such as emails. Trust has identified 16 categories of documents which it requires **(Exhibit F)**. As discussed with counsel for AIG in over four hours of meetings, each one of the 16 categories is vital to defendant's ability to defend itself and prosecute its claims. At the most basic are emails. Incredibly, AIG has failed to produce *any* emails. Statistically, "the use of email by professionals has increased 78 percent over the past five years. Nearly 83 percent surveyed use email as a primary communication tool for business." How We Work: Communication Trends of Business Professionals (2010) (http://www.accountingweb-cgi.com/whitepapers/How-We-Work.pdf).

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 3

Indeed, a litigant that refuses to produce emails is essentially refusing the production of an overwhelming majority of its communications concerning an issue.

AIG also refused to produce *any* documents relating to the investigation of defendant Chaim Rubin. That investigation took place shortly after the policy was issued, wherein AIG determined that the Ellman policy was viable despite AIG belief, at the time, that the application contained the very misrepresentations it now claims allow it to rescind the policy and refuse to pay the $10 million death benefit; the very subject of this litigation. It should not go unnoticed that this investigation was key to defendants' counterclaims.

If this Court would like, we can detail each and every category and why the documents are vital to defendant's case (and detrimental to plaintiff).

This abuse of the discovery process is part of a pattern of contempt displayed by AIG in similar litigations. See, *Sussex* (**Exhibit I**), *Spira* (**Exhibit J**), *Grunhut* (**Exhibit K**).

Pursuant to Local Rule 37.1(a)(1) we have conferred with counsel for AIG as set forth above. We also wrote counsel for AIG requesting a response before filing this letter. No response was received (**Exhibit L**). Moments after this letter was originally filed, counsel for AIG offered to meet next week to discuss these 16 categories but will not commit to producing them by a certain date.

Accordingly, we respectfully seek an order as follows:

Dismissal of the complaint and granting of judgment on the counterclaim.

In the alternative, AIG be precluded from presenting any evidence at trial.

In the alternative:

1. Extending Trust's discovery period against AIG for 60 days from the date AIG fully responds to all discovery issues raised in this letter.

2. AIG must respond, satisfactorily, within 10 days, to the 16 categories identified in the September 28, 2011 letter without objection;

3. AIG must produce all witnesses noticed for deposition within the District of New Jersey within 30 days of satisfactory responses described in the preceding paragraph;

4. At least 14 days prior to the Larry Ellman deposition, AIG must produce the recordings it possesses of Larry Ellman and Irving Ellman and all documents referring to Larry Ellman. Failure to do so shall be deemed waiver of the Larry Ellman deposition and preclude the raising of any issue relating to Larry Ellman;

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
November 11, 2011
Page 4

5. AIG must pay defendant's attorney fees in making this application; and

6. Failure by AIG to strictly comply with this order shall result in an order precluding AIG from producing any evidence at trial or as part of any substantive motion brought by any party.

We thank the Court for its attention to this matter.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

Ira S. Lipsius

ISL:bl
Enclosures

**EXHIBIT B**

/23/12 Lipsius Benhaim Law LLP Mail - Fwd: 4206.0002; AG/Ellman and Spira - Ou...

Case 3:08-cv-05364-MLC -TJB   Document 108   Filed 01/23/12   Page 10 of 14 PageID: 1503

**From:** Lesko, Robert
**Sent:** Monday, January 16, 2012 4:21 PM
**To:** 'David Benhaim'
**Cc:** 'Ira S. Lipsius'; Peck, Karen D.
**Subject:** AG/Ellman - Outstanding Discovery

David:

We are in the process of gathering and reviewing for production certain emails in connection with defendants' discovery requests. We are also still attempting to gather other information that we discussed in our telephone conference on December 23 wherein we discussed several proposals to reasonably limit certain searches/productions that defendants have requested. You had agreed to consider our proposals regarding limiting the scope and burden of searches and production as well. We will require additional time to complete our search and produce emails relating to the policy at issue as we agreed. Our client has experienced some technical difficulties in conducting the searches, but we expect to be able to complete that email search and production within the next 10-14 days. We had hoped to be able to reach you tomorrow to discuss that and the other remaining discovery issues, but I understand from other correspondence with Ira today that you may be out of the office this week recovering from surgery. We are sorry to hear that, and we wish you a speedy recovery.

Please let us know when you might be available to discuss these issues. If you anticipate an extended absence, we would can certainly pick up our discussions with Ira in your place, but I think that resuming them with you affords the best chance of continued momentum and progress toward resolving our issues.

Best wishes for a speedy recovery,
Rob

Robert Lesko
Attorney at Law
Wilson Elser Moskowitz Edelman & Dicker LLP
200 Campus Drive
Florham Park, NJ 07932-0668
973-735-5779 (Direct)
973-624-0800 (Main)
973-624-0808 (Fax)
robert.lesko@wilsonelser.com

This communication was not intended or written to be used, and it
cannot be used by any taxpayer, for the purpose of avoiding tax
penalties. (The foregoing legend has been affixed pursuant to U.S.
Treasury Regulations governing tax practice.)
*************************************************************


CONFIDENTIALITY NOTICE: This electronic message is intended to be
viewed only by the individual or entity to whom it is addressed.
It may contain information that is privileged, confidential and
exempt from disclosure under applicable law. Any dissemination,
distribution or copying of this communication is strictly prohibited
without our prior permission. If the reader of this message is not
the intended recipient, or the employee or agent responsible for
delivering the message to the intended recipient, or if you have
received this communication in error, please notify us immediately by
return e-mail and delete the original message and any copies of it
from your computer system.


For further information about Wilson, Elser, Moskowitz, Edelman &
Dicker LLP, please see our website at www.wilsonelser.com or refer to

**EXHIBIT C**

**From:** Ira S. Lipsius [mailto:iral@lipsiuslaw.com]
**Sent:** Tuesday, January 17, 2012 1:18 PM
**To:** Lesko, Robert
**Cc:** David Benhaim; Peck, Karen D.; Daniel Louis Grossman, Esq.
**Subject:** Re: AG/Ellman and Spira - Outstanding Discovery

The issues of your client's production go far further than emails. Before even considering an extension for the emails I would like to know what else is is being produced, a listing of what, if anything, your client is refusing to produce and I would like a production by the court's deadline of all items which are available, or should have been available. With regard to anything for which an extension is being requested, I would like specific representations as to the reason for the delay and what efforts were made to produce the documents on a timely basis.

Regarding a "compromise," in the Ellman action there are no further discussions, compromises have been attempted without success; the court stated that your client is to produce everything that it is prepared to produce and then our client will file its objection. Please provide the production, a list of privileged documents and what, if anything your client will no produce.

Ira

# EXHIBIT D

From: Lesko, Robert [mailto:Robert.Lesko@wilsonelser.com]
Sent: Wednesday, January 18, 2012 11:23 AM
To: Ira S. Lipsius
Cc: David Benhaim; Peck, Karen D.; Daniel Louis Grossman, Esq.
Subject: RE: AG/Ellman and Spira - Outstanding Discovery

Ira:

With respect to Ellman, there have never been any discussions about the scope of email production because you refused to engage in such discussions. We had no choice, therefore, but to proceed with searches based upon reasonable parameters that we developed and previously proposed to you, but with respect to which we received no input from you. We received last Friday the results of that search. We are undertaking to review these results and prepare non-privileged responsive emails for production to you by Monday, January 23. Our client also undertook a search for emails relating to American General's temporary underwriting requirement pertaining to tax returns. We have now been advised that the search did not capture any emails relating to that underwriting requirement, so there are no responsive documents to produce in that regard. We are preparing the policy files relating to Kremer, Goldklang and Rosenthal for production to you. We expect to have two of these ready for production by Friday this week, with the third to follow next week. Finally, we are engaged in a search and review of applications and policies pertaining to what you have referred to as other "High Value Policies." Per the discussion at the December 1 discovery hearing in White Plains before Judge Yanthis in the Spira matter, we need until at least the end of February to complete this massive undertaking. If more time is required, we will advise you and the court as soon as we are made aware of the need. Otherwise, you can expect a production on or before February 29.

Please be reminded that you owe us in Ellman: 1. Authorization from Mr. Levitin for Trust's bank account records at TD Bank (served on 10/10/11); 2. dates for deposition of Levitin in capacity as trustee of the ILIT; 3. Documents and deposition of Fifth Season Financial, which currently owns the beneficial interest in the ILIT and which is owned and operated by Levitin (subpoena was served on 11/8/11; we presume you represent Fifth Season and Levitin in this context as well).

ttps://mail.google.com/mail/?ui=2&ik=6dca7615e7&view=pt&search=inbox...

1/