

LIPSIUS –BENHAIM
LAW, LLP

14 Penn Plaza, Suite 500
New York, New York 10122
212.981.8440
Facsimile 212.695.6602
www.lipsiuslaw.com

DAVID BENHAIM
Direct Line: 212-981-8446
Email: dbenhaim@lipsiuslaw.com

February 1, 2012

**VIA ECF**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
For the District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

> Re: **American General Life Insurance Co. v. Ellman Savings Irrevocable Trust**
> **Docket No. 08 CV 5364 (MLC) (TJB)**
> **Our File No. 4206.0002**

Dear Honorable Judge Bongiovanni:

We represent the defendant Ellman Savings Irr. Trust in the above referenced action. We write in response to the letter by American General Life Insurance Company ("AIG") dated January 27, 2012, which references a proposed discovery order submitted to this Court on January 25, 2012. For the reasons set forth below, the Trust objects to the proposed order.

On December 2, 2011, the parties appeared before Your Honor to discuss the Trust's November 11, 2011 letter which raised AIG's continuous refusal to participate in discovery. That letter, which detailed the length to which AIG has been obfuscating in discovery and stonewalling the Trust's ability to obtain key evidence over the course of over two years, is attached as Exhibit 1.

AIG responded that it (once again) needed additional time to make its disclosures. At the December 2, 2011 conference, Your Honor gave AIG one last chance to comply and instructed AIG to produce all that it was going to voluntarily produce by January 17, 2012 at which point, if the Trust still seeks additional documents, it would have the opportunity to brief the issues and obtain sanctions against AIG.

AIG did not produce any documents by January 17, 2012. Instead, it sought additional time to produce, this time promising to produce documents by February 29, 2012.

On January 23, 2012, in response to AIG's most recent violations of this Court's discovery order and the December 2, 2011 warning by this Court on that the Court was not going to give AIG any further opportunities to correct its failures, we wrote Your Honor seeking sanctions against AIG (Docket Entry 108). The January 23, 2012 letter (without exhibits) is attached as Exhibit 2.

LIPSIUS-BENHAIM LAW, LLP

Honorable Tonianne J. Bongiovanni, U.S.M.J.
February 1, 2012
Page 2

On January 25, 2012, despite this Court's warning that this was AIG's last opportunity to voluntarily produce and no further extensions would be granted, AIG moved this Court, by letter, for additional time to respond to discovery, promising production by February 29, 2012. Over the course of the past two years, AIG has been given multiple opportunities both by this Court and the Trust and has violated each deadline and accordingly, the Trust opposed the request for additional time.

If the Court allows AIG yet another opportunity and denies the Trust's request for sanctions, AIG's proposed scheduling order does not give the Trust enough time to review the production, raise the deficiencies with this Court and conduct the depositions noticed. The scheduling order proposed by AIG allows AIG to voluntarily produce what it will by February 29, 2012 but orders the discovery cut-off date to be the last day in March, effectively stifling the Trust's ability to move this Court to obtain the discovery it has been seeking for over two years and conduct depositions. Further, at the December 2, 2011 hearing, the Court stated that a discovery cut-off would not be provided until after AIG's production and the Trust's objections, if any, to the production was resolved.

Assuming this Court permits the extension until February 29, 2012 (which is objected to by the Trust), in accordance with this Court's December 2, 2011 ruling, the Trust is entitled to review AIG's production and within two weeks, raise the deficiencies before this Court. We respectfully request that any discovery order preserve this right to the Trust so that the Trust is not prejudiced by AIG's refusal to produce on or before January 17, 2012. Thus, if AIG completes its production by February 29, 2012, the Trust respectfully requests until March 16, 2012 to submit its letter brief to the Court seeking its discovery and sanctions. In accordance with the timeline set forth by this Court on December 2, 2011, AIG will have two weeks, or until March 30, 2012 to respond. The Trust's reply will then be due on April 6, 2012.

Once the Court rules on the Trust's request and document discovery is completed, the parties will need approximately three months to conduct between 15 and 20 depositions in four different states (the litigation is pending in New Jersey and the witnesses are in the New York, Houston and Milwaukee areas).

Therefore, if this Court denies to sanction AIG for its repeated failure to comply with this Court's orders by dismissing the complaint and granting judgment on the consolidated action, then the earliest that fact discovery can end would be mid-June with expert discovery ending July 31, 2012.

We note that while the Trust would like the opportunity to bring all of AIG's discovery violations before this Court at one time, after AIG completes its production, from its January 25, 2012 letter requesting additional time to produce, it is already clear that AIG had not abandoned its discovery strategy to "hide the ball" and play "catch me if you can." A few examples:

Honorable Tonianne J. Bongiovanni, U.S.M.J.
February 1, 2012
Page 3

1) In its email search, AIG failed to use reasonable search terms. The most basic search should include a search for the name of the owner of the policy and the defendants in this action. After AIG insisted for years that it is not required to produce emails it has purposefully conducted a search that it knows will produce something less than the complete picture.

2) AIG refuses to produce any documents concerning its 2006 decision to change the underwriting requirements and its decision a few months later to reverse itself. In short, AIG decided *after* the Ellman policy was issued that it would "no longer" accept STOLI policies and instituted a simple underwriting requirement: the submission of tax returns with applications. This way, AIG would verify the financial representations in the application the way it does medical representations. A few months later, after finding its market-share spiraling downward, AIG reversed itself. An AIG vice president already testified that he has notes, emails, charts and other documents related to this decision. AIG refuses to produce any of it.

3) The "smoking gun" in this action is an audit conducted of Chaim Rubin's policies shortly after the issuance of the policy which positively identified the Ellman policy as a STOLI policy. After the audit, not only did AIG keep the policy in force for two more years collecting millions of dollars in policies but it even advised the general agent that it will not be taking any further action on the policy and conducted the audit simply to take an inventory of its STOLI business. AIG refuses to produce anything relating to the audit because the audit was not of Chaim Rubin. Not only is that claim untrue, it is irrelevant.

For the reasons stated above, should this Court deny the Trust's request to strike the complaint for AIG's failure to produce by January 17, 2012, we respectfully request that this Court enter a scheduling order which contemplated the directives of this Court on December 2, 2011 and allow AIG to produce all that it will voluntarily by February 29, 2012, as it now claims it will do and then allow the Trust to seek outstanding discovery and sanctions. Based on such a formulation, due entirely to AIG's behavior over the course of the past two years, we believe the earliest that fact discovery can end would be mid-June with expert discovery ending at the end of July.

We thank the Court for its attention to this matter.

Very truly yours,

LIPSIUS-BENHAIM LAW, LLP

David BenHaim

Enclosure