# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

200 Campus Drive, Florham Park, New Jersey 07932-0668   Tel: 973.624.0800   Fax: 973.624.0808
One Gateway Center, Suite 2600, Newark, New Jersey 07102

*Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach • White Plains
Limited Liability Partnership of NY
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris*

www.wilsonelser.com

February 7, 2012

**VIA FACSIMILE**

Honorable Tonianne J. Bongiovanni, U.S.M.J.
United States District Court
District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, NJ 08608

RECEIVED
FEB - 7 2012
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

Re:   *American General Life Ins. Co. v. Ellman Savings Irrevocable Trust, et al.*
      Civil Action No. 3:08-cv-05364-MLC-TJB
      Our File No.: 07478.00537

Dear Magistrate Judge Bongiovanni:

On behalf of plaintiff American General Life Insurance Co., we write to respectfully request that Your Honor order Larry Ellman and his counsel, Jan Meyer, Esq., to appear for deposition at the offices of Wilson Elser at 150 East 42nd Street, New York, New York, on Thursday, February 9, 2012, at 10 a.m., or at another location with a conference room large enough to accommodate all parties and counsel in attendance. The deposition is to be conducted pursuant to subpoena served on Mr. Ellman nearly one year ago on February 11, 2011.

The sole remaining disagreement surrounding the deposition of Mr. Ellman is the location of the deposition. We have all agreed upon the date and time. Mr. Meyer insists that the deposition take place at his office in Teaneck, New Jersey. Mr. Meyer does not have a conference room large enough to accommodate the deposition. The conference room has a small table that accommodates only seven people. At our first attempt at Mr. Ellman's deposition on December 5, there were nine in attendance (including one by phone), with one person seated in the doorway of the room. There is no room for additional seats within the conference room, and there is not enough room at the table for exhibit binders, notes, and a laptop computer.

1327445.1

Honorable Tonianne J. Bongiovanni, U.S.M.J.
February 7, 2012
Page 2

    We have offered to Mr. Meyer several alternate locations where all of the attendees can be comfortably accommodated, including Wilson Elser's office in Florham Park, Wilson Elser's office in mid-town Manhattan, and White & Williams' office in Paramus (less than 6 miles from Mr. Meyer). We also offered to arrange for a room at the Federal Courthouse in Trenton. We suggest Manhattan in order to accommodate David BenHaim, Esq., who is recovering from surgery and has difficulty traveling long distance in a car. Mr. Meyer has rejected any alternate location, and insists upon the deposition proceeding in his office based solely on his own convenience.

    The subpoena served upon Mr. Ellman commands appearance at the offices of Wilson Elser. We have already attempted to conduct the deposition at Mr. Meyer's office on December 5, 2011 as a courtesy to Mr. Meyer; however, Mr. Meyer terminated the deposition before it could begin. This led to Your Honor's rulings in an email dated January 4 (attached).

    We genuinely regret that we are required to seek Your Honor's assistance on this issue, but a fair and effective deposition simply requires enough physical space to accommodate those in attendance and the exhibits.

    We thank the Court for its time and attention to this matter.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

Robert P. Lesko

RLP/mgs

cc: Jan Meyer, Esq. (via email)
David BenHaim, Esq. (via email)
Ira Lipsius, Esq. (via email)
Daniel Grossman, Esq. (via email)

*[Handwritten note:]* The deposition shall be conducted at one of the above listed locations suggested by Plaintiff. The Court also recommends the Newark Courthouse should space be available on 2/9/12

So Ordered this 7 day of February, 2012

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP
1327445.1

## Lesko, Robert

| | |
|---|---|
| From: | Sharon_Bray@njd.uscourts.gov |
| Sent: | Wednesday, January 04, 2012 2:55 PM |
| To: | blevine@lipsiuslaw.com; clipsius@lipsiuslaw.com; dbenhaim@sfl-legal.com; ilipsius@lipsiuslaw.com; pmanela@lipsiuslaw.com; danielgrossman@cranfordlegal.com; Lesko, Robert; Peck, Karen D. |
| Subject: | American General Life Insurance Company v. Ellman Savings Irrevocable Trust, et al. Civil Action No. 08-5364 (MLC) |

Dear Counsel:

Judge Bongiovanni has reviewed your correspondence dated December 13 and 16, 2011 concerning the deposition of non-party witness, Lawrence Ellman.
The Court notes that American General Life Insurance Company ("American General") issued a subpoena to Lawrence Ellman for his deposition.
Lawrence Ellman did not initially comply with American General's subpoena and the Court entered an Order requiring Lawrence Ellman to appear for a deposition. Mr. Ellman appeared. At the beginning of Lawrence Ellman's deposition, counsel for Defendant Ellman Savings Irrevocable Trust (the
"Trust") reserved the Trust's right to recall Lawrence Ellman at the end of fact discovery. Counsel for Defendant Chaim Rubin ("Rubin") also reserved his client's right to redepose Lawrence Ellman. Counsel for all parties and non-party Lawrence Ellman then got in a rather heated discussion, which resulted in a telephone call to Chambers. Unfortunately, Judge Bongiovanni was not available to take counsel's call. Ultimately, counsel for Lawrence Ellman refused to allow Mr. Ellman's deposition to go forward in light of the possibility that Mr. Ellman could be recalled for further questioning at a later date. As a result, Mr. Ellman's deposition was terminated.

The Court now addresses the termination of Mr. Ellman's deposition. The Court notes that it is not dealing with a motion to quash by the non-party witness, Mr. Ellman. Instead, this dispute was raised with the Court by counsel for the parties to this matter. The Court finds that Mr. Ellman's deposition should go forward. To the extent a party subsequently seeks to recall Mr. Ellman for a future deposition, the Court shall address that request when it is made. With respect to how the questioning of Mr. Ellman shall proceed, the Court finds that American General shall control the initial questioning. Defendants shall not be permitted to conduct an initial voir dire of Lawrence Ellman. To the extent there is a real question concerning Mr. Ellman's competency, based on either his responses or demeanor during the course of his deposition, Defendants can address same as part of their cross examination of Mr. Ellman at the close of American General's questioning. In reaching this conclusion, the Court notes that Mr. Ellman was and likely will be represented by counsel who can also address any concerns regarding Mr. Ellman's competency.

Judge Bongiovanni understands that this is an important issue for the parties. Should any party require a Court Order setting forth the aforementioned decision, that party need only request same from Chambers.
Judge Bongiovanni requests that you relay this message to counsel for Lawrence Ellman.

Thank you,

Sharon Bray.

Sharon Elaine Bray
Law Clerk to the Honorable Tonianne J. Bongiovanni, U.S.M.J.
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608
Telephone: (609) 989-2040