# WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

200 Campus Drive, Florham Park, New Jersey 07932-0668   Tel: 973.624.0800   Fax: 973.624.0808
One Gateway Center, Suite 2600, Newark, New Jersey 07102

Albany • Baltimore • Boston • Chicago • Dallas • Denver • Garden City • Houston • Las Vegas • London • Los Angeles • Louisville • McLean
Miami • New Jersey • New York • Orlando • Philadelphia • San Diego • San Francisco • Stamford • Washington, DC • West Palm Beach • White Plains
*Limited Liability Partnership of NY*
Affiliates: Berlin • Cologne • Frankfurt • Mexico City • Munich • Paris

| | | | |
|---|---|---|---|
| JAMES CRAWFORD ORR | JAMES S. REHBERGER | KURT H. DZUGAY | STEPHANIE RUFFO |
| WILLIAM J. RIINA | JOSEPH T. HANLON | GINA CALABRIA | LOUIS PERAGGINE |
| THOMAS F. QUINN | ROBERT LESKO | JOHN W. WILLIAMS | ANDREW F. BAIN |
| BARBARA HOPKINSON KELLY | RENEE J. SHERMAN | SHAUN S. McGREGOR | BRENDAN P. MCCARTHY |
| CAROLYN F. O'CONNOR | ROBERT T. GUNNING | PETER A. SWIFT | CHARLES KELLETT |
| KENNETH M. BROWN | GREGG S. KAHN | ERIC T. EVANS | PAUL J. MILLER |
| DANIEL F. FLORES | MAXWELL L. BILLEK | GREGORY T. FOOTE | ANTHONY RAPA |
| KURT W. KRAUSS | JOANNA PIOREK | JULIE VON BEVERN | AMEE SAMPAT |
| MICHAEL P. TURNER | | BRUCE W. MCCOY, JR. | ANTHONY J. DRAGONE |
| ROGER R. GOTILLA | OF COUNSEL | DANIEL E. ZEMSKY | EMILY WEISSLITZ |
| SCOTT A. ZUBER | ROBERT C. NEFF, JR. | C. TY NGUYEN | JOBIL P. CYRIAC |
| MICHAEL J. NAUGHTON | JOHN P. O'TOOLE | KAREN D. PECK | |
| JOSEPH A. GALLO | SUNA LEE | | |
| ROBERT A. BERNS | CHRISTOPHER W. McCLANAHAN | | |
| KELLY A. WATERS | LINDA K. SMITH | | |
| BRIAN J. WHITEMAN | TANA BUCCA | | |
| SUSAN KARLOVICH | PAUL E. PARAY | | |
| MATTHEW S. MAHONEY | KIM M. CONNOR | | |
| KEVIN C. DONOVAN | STEVEN J. SHELDON | | |

KEITH G. VON GLAHN (1952-2007)

www.wilsonelser.com

March 7, 2012

**VIA ECF**
Magistrate Judge Bongiovanni
United States District Court
District of New Jersey
Clarkson S. Fisher Federal Bldg. & U.S. Courthouse
402 E. State Street, Room 5W
Trenton, New Jersey 08608

    Re: *American General Life Ins. Co. v. Ellman Savings Irrevocable Trust*, *et al*.
       **Civil Action No. 3:08-cv-05364-MLC-TJB**

Dear Judge Bongiovanni:

  This office represents Plaintiff American General Life Insurance Company ("American General") in connection with the above referenced matter. We respectfully request your Honor's assistance in securing the compliance of Fifth Season Financial, LLC ("Fifth Season") with a subpoena for deposition testimony and subpoena for documents.

## I. Preliminary Statement

  As your Honor will recall, this is an action for the rescission of Flexible Premium Adjustable Life Insurance Policy number UM0030862L (the "Policy") issued by American General to the Ellman Savings Irrevocable Trust ("the Trust") as owner and beneficiary in the amount of $10 million and insuring the life of decedent Irving Ellman. Defendant Israel Kugielsky was the Trustee of the Trust when it applied for and purchased the Policy. Defendant Jeffrey Levitin is the current Trustee. American General seeks, among other things, rescission of this Policy because it was procured by fraud and without a *bona fide* insurable interest pursuant to a Stranger Originated Life Insurance (STOLI) scheme.

1337926.1

To:
March 7, 2012
Page 2

Non-party entity Fifth Season is the current holder of the beneficial interest in the subject Policy. Jeffrey Levitin, trustee of the Ellman Trust, is also a principal of Fifth Season. American General duly served Fifth Season with a subpoena for documents and a subpoena for deposition testimony via personal service on November 8, 2011 (see **Exhibit A**, subpoenas served on Fifth Season Financial; **Exhibit B**, Proof of Service). The subpoena for documents required the production of documents at Wilson Elser's New Jersey offices by November 18, 2011. Fifth Season did not produce responsive documents, or otherwise respond to the subpoena by November 18 or anytime thereafter. The subpoena for testimony required a representative of Fifth Season to appear for a deposition at Wilson Elser's New Jersey offices on November 23, 2011. A Fifth Season representative did not appear on November 23, 2011 and did not otherwise respond to the subpoena.

Accordingly, American General respectfully seeks entry of an Order compelling Fifth Season's compliance with the subpoenas.

## II.   Argument

### A.   American General's Service of the Subpoenas was Proper

American General properly served both a subpoena for documents and a subpoena for testimony on Fifth Season Financial. Federal Rule of Civil Procedure 30(a)(1) provides that "[a] party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2) [listing exceptions not applicable in this case]." *Fed. R. Civ. P. 30*(a)(1). Federal Rule of Civil Procedure 45 permits American General to subpoena documents from Fifth Season. *Fed. R. Civ. P. 45*(a)(1)(D).

Rule 45 requires that a subpoena contain the following information: (i) the identity of the court from which the subpoena was issued; (ii) the identity of the court in which the underlying action is pending, along with a proper citation of the title of the action and the civil action number; (iii) the identity of the person to whom the subpoena is directed; (iv) the text of Rules 45(c) and (d), which set out the witness's rights and duties in responding, objecting or moving to quash the subpoena; (iv) the time and place for attendance at the deposition; (v) the categories of documents sought (if the subpoena commands the production or inspection of documents); and (vi) the method for recording testimony (if the subpoena seeks testimony). Fed. R. Civ. P. 45 (a)(1). In addition, the subpoena must bear the issuer's signature. *Fed. R. Civ. P. 45* (a)(3). Rule 45 also requires that the subpoena come from a court in the district where the deposition was to be held, and that the place of the deposition be no more than 100 miles from where a non-party witness lives, works, or regularly transacts business in person. *Fed. R. Civ. P*. 45 (a).

The subpoenas served upon Fifth Season met all Rule 45's requirements. Further, as required under the Rule, the subpoenas were served via personal service on Fifth Season on November 8, 2011. *See* Fed. R. Civ. P. 45 (b)(1); *see also Omikoshi Japanese Restaurant* v. *Scottsdale Ins. Co.*, No 08-cv-3657, 2008 WL 4829583, at *1 (E.D. La. Nov. 5, 2008)).

To:
March 7, 2012
Page 3

      **B.**      **Fifth Season's Deposition Testimony and Documents are Essential to American General's Claims and Defenses**

Documents maintained by Fifth Season and testimony of a Fifth Season representative are essential to American General's claims and defenses in this matter. Pursuant to the Trust document, the original beneficiary of the Trust – and thus, the original beneficiary of the Policy – was Lawrence Ellman, son of the insured. On January 31, 2007, less than a year after the issuance of the Policy, the Trust document was amended to direct the Trustee to pay the proceeds of any life insurance policies owned or made payable to the Trust to Fifth Season. Accordingly, Fifth Season is the current holder of the beneficial interest in the Trust and thus, the Policy. Thus, Fifth Season has a significant financial interest in the outcome of this litigation.

Furthermore, American General's investigation revealed that current Trustee Jeffrey Levitin is connected to Fifth Season, seemingly as an owner or principal or CEO.[1] Specifically, Fifth Season's business address of 4429 18th Ave., Brooklyn, NY 11204 is the same address for the Law Offices of Jeffrey Levitin. In fact, a New York State Corporation Search reveals the initials "JL" as part of Fifth Season's registered business name.[2] (see **Exhibit C**, NYS Corporation Search).

Fifth Season, as holder of the beneficial interest in the Policy, clearly plays an integral role in the underlying STOLI scheme. Accordingly, this Court should order Fifth Season's compliance with the subpoenas.

      **C.**      **The Court Should Compel Fifth Season's Compliance with the Subpoenas**

Fed. R. Civ. P 26(b)(1) allows parties to obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Relevant information need not be admissible at trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence. The purpose of the modern discovery rules is to allow parties to obtain the fullest possible knowledge of the issues and facts before trial. *See Young v. Lukens Steel Co., C.A.* No. 92-6490, 1994 W.L. 45156, at * 2 (E.D. Pa. Feb. 10, 1994); *see also Grinnell Corp. v. Hackett*, 70 F.R.D. 326 (D.R.I. 1976). Further, the federal discovery rules are to be construed broadly and liberally. *Herbert v. Lando*, 441 U.S. 153, 177 (1979); *see also Corning, Inc*. v. *SRU Biosys.*, LLC, 223 F.R.D. 191, 193 (D. Del. 2004).

---

[1] On January 18, 2012, counsel for American General inquired as to whether defense counsel does represent or will represent Fifth Season and/or Jeffrey Levitin, as owner/principal of Fifth Season. Defense counsel did not respond to our January 18th inquiry.

[2] A New York State Corporation search reveals no less than *six* business registered to 4429 18th Ave., Brooklyn, NY 11204 associated with Jeffrey Levitin: (1) Fifth Season JL LLC; (2) Fifth Season JL1 LLC; (3) Fifth Season JL2 LLC; (3) Fifth Season JL3 LLC; (4) Fifth Season JL4 LLC; (5) Fifth Season JL5 LLC; and (6) The Law Office of Jeffrey Levitin. (see **Exhibit C**).

To:
March 7, 2012
Page 4

Managing discovery, such as this Motion to Compel, rests is in the sound discretion of the trial court. *See New York* v. *United States Metals Refining Co.*, 771 F.2d 796, 804 (3d Cir. N.J. 1985) ("Rule 26 provides very broad discovery and gives the trial court wide discretion to manage the process"). Fed. R. Civ. P. 37(a)(1) specifically permits the filing of a motion to compel discovery after conferring in good faith in an attempt to obtain the withheld discovery. *Fed. R. Civ. P. 37*(a) (1).

Further, an issuing court can hold a person in contempt for failure to comply with a subpoena. *Fed. R. Civ. P.* 45(e); *see also Pateley Assocs. LLC* v. *Pitney Bowes, Inc.,* 2009 U.S. Dist. LEXIS 113603 (D. Del. Dec. 4, 2009); *In re Clients & Former Clients of Baron & Budd, P.C.*, 478 F.3d 670 (5th Cir. Tex. 2007) ("…Fed. R. Civ. P. 45(e) states that failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued"); *In re Barnicle*, 800 F. Supp. 1021 (D.N.H. 1992) ("Fed. R. Civ. P. 45(e) states that a failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed contempt of the court from which the subpoena issued. Evasion of a deposition subpoena constitutes an obstruction of the administration of justice."). Additionally, Rule 37(d)(1)(A)(i) provides that a court may sanction a party who fails to appear at his or her own deposition.

Here, American General has duly served a subpoena for documents and a subpoena for testimony on Fifth Season. Accordingly, it is within this Court's discretion to hold Fifth Season in contempt of court, as it has failed to timely comply with or otherwise respond to the subpoenas.

### III. Conclusion

For the foregoing reasons, it is respectfully submitted that the Court order Fifth Season's compliance with the subpoena for documents and subpoena for deposition testimony served upon it. We have included a proposed form of order for Your Honor's consideration.

We appreciate the Court's thoughtful time and attention in this regard.

Respectfully,

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

*s/Karen D. Peck*
_____
Karen D. Peck

KDP:kdp
Encls.

WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP

1337926.1

To:
March 7, 2012
Page 5


Cc:   Fifth Season Financial, LLC (via first class mail)
      David BenHaim, Esq. (via ECF)
      Ira Lipsius, Esq. (via ECF)
      Daniel Grossman, Esq. (via ECF)